The PEOPLE of the State of Colorado, Complainant,

v.

Dirk Tinglan DIETERS, Attorney–Respondent.

No. 91SA211.

Supreme Court of Colorado, En Banc.

Feb. 18, 1992.

Rehearing Denied March 10, 1992.

Linda Donnelly, Disciplinary Counsel, Jay P.K. Kenney, Asst. Disciplinary Counsel, Denver, for complainant.

Dirk Tinglan Dieters, pro se.

**PER CURIAM.**

In this attorney discipline proceeding, a hearing panel of the Supreme Court Grievance Committee recommended that the respondent be suspended from the practice of law for thirty days for submitting an altered stipulation in a judicial proceeding that the respondent knew did not express the agreement of the parties. We issued an order to show cause why more severe discipline should not be imposed. We have considered the responses of the respondent and the assistant disciplinary counsel and now conclude that a suspension for ninety days is warranted.

## I.

The respondent was admitted to the bar of this court on May 25, 1983, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). After listening to the testimony of the witnesses, including the testimony and other statements of the respondent, and considering the exhibits introduced by both sides, the hearing board found that the following facts were established by clear and convincing evidence.

The respondent represented Patricia Daugherty in a dissolution of marriage proceeding in Arapahoe County District Court. Daugherty's then spouse, Fred Gramse, was not represented by counsel in the proceeding. Settlement negotiations were underway in the fall of 1988 and early 1989. The respondent prepared a document entitled "Stipulated Permanent Orders," which was given to Gramse for his review and approval. Gramse made certain changes to the proposed stipulation. The document was redrafted by the respondent to reflect the changes Gramse requested. When this document was presented to Fred Gramse for his signature on or about January 23, 1989, paragraph 3 on page one provided:

The Respondent [Fred Gramse] shall pay child support in the amount of two-hundred ninety-two dollars ($292.00) per month to the Registry of the Court of Arapahoe County. Further, the Respondent acknowledges that he is in arrears from previously ordered child support and maintenance payments in the amount of five-thousand three-hundred eighty-nine dollars ($5,389.00) *and still owes in January 1989, two-hundred ninety-two dollars ($292.00). The total arrearage is five-thousand six-hundred eighty-one dollars ($5,681.00).* The Petitioner [Patricia Daugherty] agrees to

waive interest on the arrearage and the Respondent agrees to enter into and keep in effect a Wage Assignment requiring his employer to deduct from his earnings four-hundred ninety-two dollars ($492.00) per month, representing the child support *and two-hundred dollars ($200.00) per month for twenty-eight and one-half (28.5) months as payment upon the arrearage.*

(Emphasis added.) On January 23 and 24, 1989, Fred Gramse demanded that additional changes be made to the redrafted stipulation. The changes, which Daugherty agreed to, were made by interlineation and by striking out of portions of paragraph 3. After the changes were made, paragraph 3 on the first page of the stipulated permanent orders stated:

The Respondent shall pay child support in the amount of two-hundred ninety-two dollars ($292.00) per month to the Registry of the Court of Arapahoe County. Further, the Respondent acknowledges that he is in arrears from previously ordered child support and maintenance payments in the amount of five-thousand three-hundred eighty-nine dollars ($5,389.00). The Petitioner agrees to waive interest on the arrearage and the Respondent agrees to enter into and keep in effect a Wage Assignment requiring his employer to deduct from his earnings four-hundred ninety-two dollars ($492.00) per month, *representing the child support and maintenance for twenty-seven months as payment upon the arrearage, beginning in March 1989.*

(Emphasis added.) Gramse and Daugherty both signed the amended document on the second page and their signatures were notarized. A subsequent hearing in the dissolution proceeding was vacated by a court order which indicated that the parties had entered into a stipulation.

On February 22, 1989, the permanent orders hearing was held. Daugherty and the respondent appeared, but Gramse did not. The respondent did not have the original signed and notarized document with him at the hearing. The court instructed the respondent to file the original signed document with the court following the hearing.

The first page of the document filed with the court on March 1, 1989, however, was not the document agreed to and signed by Gramse and Daugherty, but was in fact the first page of the redrafted stipulated permanent orders to which Fred Gramse objected on January 23 and 24, 1989. The stipulation which was filed in the court stated that the arrearage in child support and maintenance owed by Gramse was $5,681.00 instead of the $5,389.00 agreed on by Gramse and Daugherty; it introduced some uncertainty as to whether the wage assignment was to be $492.00 or $692.00 per month; and it provided that the wage assignment was to last for twenty-eight and one-half months as opposed to twenty-seven months. A decree of dissolution incorporating the incorrect terms of the altered stipulation was ultimately signed by the court. A wage assignment entered thereafter reflected the higher amount of arrearage.

The respondent testified that he did not know how the altered stipulation came to be filed in the court. The hearing board concluded that it had been established by clear and convincing evidence that the respondent removed the first page of the signed, notarized stipulation agreed to on January 24, 1989. In its place, the respondent substituted the page which omitted the changes made by the parties, and he filed this altered document with the court knowing that it did not reflect the actual agreement between the parties. Moreover, the respondent knowingly permitted the court to enter a decree of dissolution which incorporated the terms of the altered document without the consent of the parties and without notifying the court of the alteration.

■ The respondent filed exceptions in this court to the findings and recommendation of the hearing board. The respondent's exceptions were subsequently stricken, however, because he did not request the reporter to prepare a transcript of the proceedings before the hearing board as re-

quired by C.R.C.P. 241.20(b)(4). The respondent's exceptions were to a large extent based on findings of fact that the board resolved against the respondent after listening to conflicting testimony. When they are approved by the hearing panel, the board's factual findings are binding on this court unless, after considering the record as a whole, the findings are unsupported by substantial evidence. *People v. Genchi,* 824 P.2d 815, 817 (Colo. 1992); *People v. Bennett,* 810 P.2d 661, 665 (Colo.1991). When acting as a fact finder, the hearing board has the duty to assess the credibility of evidence before it, controverted and uncontroverted. *People v. Distel,* 759 P.2d 654, 662 (Colo.1988). The respondent has not filed with this court a transcript of the hearing before the board, and we cannot say that the board's findings are unsupported by record before us. We therefore conclude, as did the board, that the respondent altered the stipulation and knowingly filed it with the court.

## II.

The hearing board found, and we agree, that the respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) and DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice). The panel approved the board's recommendation that the respondent be suspended for thirty days. The panel's recommendation of discipline is entitled to deference, but the recommendation is advisory only and we must independently assess the proper level of discipline. *People v. Whitaker,* 814 P.2d 812, 815 (Colo.1991).

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating factors,

> [s]uspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information

is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

*ABA Standards* 6.12. This case presents the following factors in aggravation: (1) the respondent made false or misleading statements to the board, *id.* at 9.22(f); (2) the respondent has refused to acknowledge the wrongful nature of his conduct, *id.* at 9.22(g); and (3) the respondent has been indifferent to making restitution, *id.* at 9.22(j). In mitigation, the board determined that the respondent has no prior disciplinary record, *id.* at 9.32(a); and did not have a selfish motive, *id.* at 9.32(b).

We believe that the respondent's false and misleading statements to the hearing board also constituted "obstruction of the Committee or any part thereof in the performance of its duties," contrary to C.R.C.P. 241.6(7). The respondent's obstruction of the disciplinary process and his knowing submission of a falsified document to the trial court distinguish this case from others in which a thirty-day suspension was found sufficient. *See, e.g., People v. Crimaldi,* 804 P.2d 863, 865 (Colo.1991) (rejecting hearing panel's recommendation of thirty-day suspension as too lenient). We conclude that a suspension for ninety days is appropriate considering the nature and extent of the respondent's misconduct.

## III.

Accordingly, it is hereby ordered that Dirk Tinglan Dieters be suspended from the practice of law for ninety days, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that Dieters pay the costs of this proceeding in the amount of $436.65 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.