The PEOPLE of the State of
Colorado, Complainant,

v.

Dirk Tinglan DIETERS, Attorney–
Respondent.

No. 94SA328.

Supreme Court of Colorado,
En Banc.

Nov. 7, 1994.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Dirk Tinglan Dieters, pro se.

PER CURIAM.

The respondent [1] in this attorney discipline case was previously suspended for ninety days, effective March 19, 1992. *People v. Dieters*, 825 P.2d 478, 481 (Colo.1992). The assistant disciplinary counsel subsequently filed a formal complaint charging that the respondent engaged in the practice of law while suspended. The respondent and the

assistant disciplinary counsel then entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18(a). In the stipulation, the parties recommended that the respondent be disciplined by another ninety-day suspension. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and recommended that the respondent be suspended for ninety days. We accept the stipulation and the inquiry panel's recommendation.

I

In order to be reinstated by order of the supreme court after his 1992 suspension, the respondent was required within thirty days prior to the expiration of the period of suspension to submit an affidavit to the grievance committee counsel "stating that the lawyer has fully complied with the order of suspension and with all applicable provisions of this chapter." C.R.C.P. 241.22(b). The respondent failed to submit the required affidavit, but states in the stipulation that he nevertheless believed he was reinstated on June 18, 1992, the ninety-first day following the effective date of his suspension.

After being advised that he had not filed the requisite affidavit under C.R.C.P. 241.22(b), the respondent filed the affidavit on July 6, 1992, and moved that it be considered out of time by a hearing panel of the grievance committee, as provided in C.R.C.P. 241.22(b). The hearing panel granted respondent's motion, and an order of reinstatement was issued on August 18, 1992.

A

The effective date of the respondent's 1992 suspension was March 19, 1992, thirty days after the issuance of the opinion and order suspending him. *Dieters*, 825 P.2d at 481; C.R.C.P. 241.21(a). According to the stipulation, however, the respondent mistakenly believed that his suspension began on March 21, 1992. On March 20, 1992, the respondent appeared at a deposition in lieu of another attorney, on behalf of the other attorney's

1. The respondent was admitted to the bar of this court on May 25, 1983, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

client. The respondent entered into an agreement with opposing counsel at the deposition to prepare a document inventory. He prepared the inventory while under suspension, and billed the client's lawyer in the capacity of a paralegal at half of the respondent's usual attorney rate. The respondent transmitted the document inventory to opposing counsel under his attorney letterhead on or about April 6, 1992.

As he has admitted, the respondent's conduct violated DR 3–101(B) (a lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction), and C.R.C.P. 241.22.

### B

Prior to the effective date of the 1992 suspension, the respondent was retained to represent the wife in a dissolution of marriage matter. After the respondent's suspension commenced, he practiced law by finalizing and filing certain dissolution documents. He also failed to adequately communicate with the wife regarding the status of the dissolution proceeding, and he failed to withdraw properly from the matter. Moreover, he did not list the dissolution proceeding as a "pending matter" as required in the affidavit the respondent filed pursuant to C.R.C.P. 241.21(d) after his suspension started. His conduct thereby violated C.R.C.P. 241.21(a) & (d), DR 3–101(B), and DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer).

### C

In another dissolution proceeding, which was filed in 1990, both parties were originally represented by lawyers other than the respondent. After the 1992 suspension order was issued, however, the respondent met with the parties to the proceeding, prepared several documents, and advised the wife on maintenance matters. The respondent therefore accepted new employment after the entry of the order of suspension, contrary to C.R.C.P. 241.21(a); DR 3–101(B); DR 7–102(A)(3) (in representing a client, a lawyer shall not conceal or knowingly fail to disclose that which the lawyer is required by law to reveal); and DR 7–102(A)(8) (in representing a client, a lawyer shall not knowingly engage in illegal conduct or conduct contrary to a disciplinary rule).

### D

The respondent's daughter's car was towed by the homeowners' association of her apartment complex on April 22, 1992. On May 4, 1992, the respondent hand-delivered a summons and complaint to the association's agent. The summons and complaint named the respondent as his daughter's assignee and plaintiff. In a letter to the association on his attorney letterhead, the respondent stated that he would not file the complaint for ten days in the hope that the matter could be settled. No settlement was reached, and the respondent filed the complaint on May 13, 1992. When the association did not file a timely appearance or answer, the respondent and his daughter appeared in county court on June 2, 1992, and requested a default judgment. The respondent submitted a sworn return of service which stated, "I am not interested in nor a party to this case." Nevertheless, the respondent was listed as an assignee and a plaintiff on the complaint.

After the judgment was entered, while he was still suspended, the respondent sent two letters to the association under his attorney letterhead demanding compliance with the judgment and threatening various types of execution upon the judgment. On June 5, 1992, however, the respondent disclosed his role in the proceeding to the association's lawyer, and the judgment was set aside for improper service of process under C.R.C.P. 304.

As he has admitted, the respondent violated C.R.C.P. 241.21(a), DR 3–101(B), and DR 7–102(A)(8). Moreover, the respondent's statement on the sworn return of service violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

### E

Prior to his suspension, the respondent represented another dissolution of marriage

client. During the suspension, the respondent wrote to the opposing counsel that he had been suspended. His letter to opposing counsel was not sent by certified mail, however, as required by C.R.C.P. 241.21(c).

Further, the respondent began representing the dissolution client again on June 27, 1992, believing mistakenly that he had been reinstated. When the respondent was informed that he had not been reinstated because he had not complied with the affidavit requirement of C.R.C.P. 241.22(b), the respondent discontinued the representation. The respondent has stipulated that his conduct violated DR 3–101(B).

### F

In January 1992, prior to the beginning of his suspension, the respondent was retained by a client regarding a child support matter. The respondent prepared and filed the necessary documents in February 1992, but they were returned because the proper filing fee was not enclosed. The respondent did not notify either his client or opposing counsel in writing that he had been suspended, and he did not withdraw from the matter, in violation of C.R.C.P. 241.21(b) and (c). While he was suspended, however, the respondent spoke with the client about a change on one of the documents, contrary to DR 3–101(B), and the client refiled the documents in April 1992. Further, the respondent engaged in neglect by failing to return telephone calls, violating DR 6–101(A)(3).

### G

Finally, wrongly believing that he had been reinstated, the respondent represented another client in a dissolution of marriage proceeding while he was still suspended. When he realized that he had not been reinstated, the respondent ceased the representation, but failed to notify the client or opposing counsel of his suspension, and did not withdraw properly from the proceeding. The respondent has admitted that his conduct violated C.R.C.P. 241.21(a)–(d), DR 3–101(B), and DR 6–101(A)(3).

### II

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, disbarment is appropriate if a lawyer "intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession...." ABA *Standards* 8.1(a). Thus, "[a] lawyer's continued practice of law while under an order of suspension, with no efforts to wind up the legal practice, and failure to take action to protect the legal interests of the lawyer's clients, warrants disbarment. *People v. James*, 731 P.2d 698, 700 (Colo.1987)." *People v. Wilson*, 832 P.2d 943, 945 (Colo.1992).

On the other hand, a public censure is appropriate when the lawyer "negligently violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession...." ABA *Standards* 8.3(a). According to the assistant disciplinary counsel, there is evidence that, at least with respect to the matters occurring at the beginning of the suspension and during the period when the respondent believed incorrectly that he had been reinstated, that the respondent's conduct was negligent rather than intentional or willful. Moreover, the assistant disciplinary counsel has stipulated there is no evidence that the respondent's misconduct in any of the foregoing matters caused any actual harm.

Given the factors in aggravation, however, such as the respondent's prior disciplinary record, *id.* at 9.22(a); the existence of multiple offenses, *id.* at 9.22(d); and the respondent's substantial experience in the practice of law, *id.* at 9.22(i); a period of suspension is warranted. We therefore accept the stipulation and the recommendation of the inquiry panel.

### III

Accordingly, it is hereby ordered that Dirk Tinglan Dieters be suspended from the practice of law for ninety days, commencing thir-

ty days after the issuance of this opinion. It is further ordered that the respondent pay the costs of this proceeding in the amount of $56.77 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.