The PEOPLE of the State of
Colorado, Complainant,

v.

Dirk Tinglan DIETERS, Attorney–
Respondent.

No. 97SA26.

Supreme Court of Colorado,
En Banc.

March 24, 1997.

Linda Donnelly, Disciplinary Counsel,
John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

Dirk Tinglan Dieters, pro se.

PER CURIAM.

An inquiry panel of the supreme court
grievance committee approved a stipulation,
agreement, and conditional admission of misconduct between the respondent and the deputy disciplinary counsel. *See* C.R.C.P.
241.18. The conditional admission recommended that the respondent be suspended
from the practice of law in a range of six
months to one year and one day. In approving the conditional admission, the panel rec-

ommended suspension for one year and one day. We accept the conditional admission and the inquiry panel's recommendation.

## I

The respondent has been licensed to practice law in this state since 1983. In 1992, he was suspended for ninety days. *See People v. Dieters*, 825 P.2d 478 (Colo.1992). We suspended the respondent again for ninety days in 1994. *See People v. Dieters*, 883 P.2d 1050 (Colo.1994). In relevant part, the conditional admission provides as follows.

## A

On February 23, 1994, the respondent was at fault in a minor automobile accident with another driver, Michelle Rouch. The respondent's vehicle hit the right rear panel of Rouch's jeep causing body damage. In an attempt to intimidate Rouch and shift the blame to her, the respondent told Rouch the accident need not be reported and lied to the investigating officer who responded to Rouch's telephone report of the accident. After the accident, the respondent caused considerable delay and inconvenience to Rouch in the submission of her claims for damages to his insurance company. Eventually, the respondent's insurer paid $800 to Rouch.

The respondent received a citation for the accident and entered into a plea bargain where he pleaded guilty to a one-point speeding violation. The respondent falsely attacked Rouch in court and during the Office of Disciplinary Counsel's investigation of this case. He told the municipal court that Rouch was "a professional victim." In his written answer to the request for investigation, the respondent alleged that Rouch "filed a fraudulent claim and police report in an attempt to extort money from him"; and that she "is very experienced at extorting accident funds from people." The respondent now admits, under oath, that these allegations were false and offensive.

During his interview with the investigative counsel for the Office of Disciplinary Counsel, the respondent made other false statements minimizing the damage caused to Rouch's jeep and asserting that all charges were dismissed when he went to municipal court.

The respondent has stipulated that the foregoing violated R.P.C. 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and R.P.C. 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

## B

The second count involves misconduct that occurred in the fall of 1993. The respondent seriously mishandled the defense of a domestic violence case and caused harm to the client by repeatedly giving his client incorrect advice, failing to prepare the case adequately, and falsely telling the client that he had taken certain actions when he had not. The respondent's client was the defendant, Randall Lee Paige, Sr., and the victim was Paige's mother. The respondent incorrectly advised Paige that he could be released on a personal recognizance bond, and that he could be placed in a domestic violence diversion program if he entered pleas of no contest to the charges. He also falsely advised Paige that he had arranged for Paige to be placed in a diversion program.

Because this was a domestic violence case, Paige was not eligible for a personal recognizance bond and spent a night in jail as a result of the respondent's bad advice. Because the victim was not Paige's spouse or intimate partner, he was not eligible for the domestic violence diversion program. In reliance on the respondent's incorrect advice and untrue statement that he had arranged for Paige to participate in the diversion program, Paige entered pleas of no contest to the charges. Sentencing was delayed because the respondent did not timely review the presentence investigation report. When sentencing finally occurred, the court informed the respondent that Paige was not eligible for diversion because the victim of the domestic violence was not his spouse or intimate partner. Paige was then sentenced to a ninety-day jail sentence, suspended, and one year of probation with domestic violence counselling. Paige fired the respondent im-

mediately after the sentencing hearing and hired another lawyer.

Paige's new lawyer filed a motion to vacate Paige's pleas and conviction based on ineffective assistance of counsel. The court granted the motion and set the convictions aside. On June 9, 1993, Paige's lawyer negotiated an agreement for Paige to receive a six-month unsupervised deferred judgment.

The respondent stipulated that the foregoing violated R.P.C. 1.1 (failing to provide competent representation to a client); R.P.C. 1.3 (neglecting a legal matter); R.P.C. 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); R.P.C. 8.4(d) (engaging in conduct prejudicial to the administration of justice); and R.P.C. 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

II

▇ The conditional admission provides that the respondent be disciplined by suspension for six months to one year and one day. The inquiry panel recommended the longer period of suspension. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42. *See People v. Proctor*, 922 P.2d 931, 932–33 (Colo.1996) (neglecting and handling sexual assault criminal case that the lawyer was not competent to handle warranted suspension for six months).

▇ The aggravating factors in this case convince us that the respondent should be suspended for a year and a day with the requirement that he petition for reinstatement. In the first place, there are multiple offenses, *see* ABA *Standards* 9.22(d); and the respondent has substantial experience in the practice of law, *see id.* at 9.22(i). Of more serious concern to the court, however, is the respondent's previous discipline. *See id.* at 9.22(a). The respondent was suspend-

ed for ninety days in 1992 for submitting falsified documents to a trial court. *See People v. Dieters*, 825 P.2d 478, 480–81 (Colo. 1992). An aggravating factor was the respondent's false and misleading statements to the hearing board in that case. *Id.* at 481.

In 1994, he was suspended again for ninety days for continuing to practice law during his previous suspension. *See People v. Dieters*, 883 P.2d 1050, 1051–52 (Colo.1994). The respondent's misconduct in this case, as in 1992, involved misrepresentations and dishonesty. It is therefore a close question whether even a long period of suspension is adequate, and at least one member of the court would reject the conditional admission for that reason. *Cf. People v. Bottinelli*, 926 P.2d 553, 558–59 (Colo.1996) (following reinstatement, lawyer engaged in same type of misconduct for which he was previously suspended and was disbarred). Having examined the facts of this case, however, and recognizing the respondent's cooperation in this proceeding, *cf. id.* at 559 (indicating that Bottinelli engaged in bad faith obstruction of second disciplinary proceeding), we have decided to accept the conditional admission and the inquiry panel's recommendation. Because the period of suspension is longer than one year, the respondent will have to prove by clear and convincing evidence that he has been rehabilitated and that he is once again fit to practice law before he may be reinstated. *See* C.R.C.P. 241.22(b).

III

Accordingly, it is hereby ordered that Dirk Tinglan Dieters be suspended from the practice of law for one year and one day, effective thirty days after this opinion is issued. The respondent is also ordered to pay the costs of this proceeding in the amount of $387.96 within thirty days of the date on this decision to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202. Dieters shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)-(d).