**No. 27777**

**The People of the State of Colorado v. Richard O. Pittam**

(572 P.2d 135)

Decided September 26, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Edwin L. Felter, Jr., Assistant, for The People of the State of Colorado.

Keller, Dunievitz & Johnson, Alex Stephen Keller, for attorney-respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Charges of unethical conduct were lodged with the Supreme Court Grievance Committee against respondent, Richard O. Pittam, who was admitted to practice law on October 3, 1969.

The formal complaint against respondent evolved from his association in the practice of law in a three-lawyer partnership, and concerned respondent's alleged failure to account to the partnership for partnership attorney fees in excess of $4,200 which he received and which were appropriated by him in violation of his partnership obligation.

A formal hearing was held by the Grievance Committee, at the conclusion of which it returned detailed findings, conclusions and recommendations to the Colorado Supreme Court. The Grievance Committee found by clear and convincing evidence that during the period beginning November 14, 1973, and continuing until April 30, 1975, respondent received partnership fees for the performance of legal services, in the amount of $1,632 from six different clients, which he deposited in his personal bank account rather than in the partnership firm account. When confronted with evidence of this misappropriation, respondent was neither candid with his partners nor with the Grievance Committee, and in his answer to the grievance complaint against him respondent stated he only borrowed the moneys taken and intended to replace them as he was able to

do so. At the hearing, respondent admitted that he took the money because he felt he had been unfairly dealt with by his partners and he intended to leave the firm, believing that if he did not employ self-help he would not receive those moneys to which he believed himself to be justly entitled.

The Grievance Committee concluded that respondent's actions were a clear violation of the following disciplinary rules of the Code of Professional Responsibility: DR 1-102(A)(3), which provides that a lawyer shall not engage in illegal conduct involving moral turpitude; DR 1-102(A)(4), which provides that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation; and DR 1-102(A)(6), which provides that a lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law. The Grievance Committee further concluded that respondent's conduct was a violation of the criminal theft statute, section 18-4-401, C.R.S. 1973 (1976 Supp.), in that respondent obtained control over the property of another without authorization.

The Grievance Committee concluded that respondent's conduct was contrary to the highest standards of honesty, justice and morality as prescribed by C.R.C.P. 241(B).

Respondent has elected not to file exceptions to the Grievance Committee's findings, acknowledging that there was evidence to support the findings. We agree that the record before us supports the findings and conclusions of the Grievance Committee.

The Grievance Committee, in considering the punishment it would recommend to the court, recognized that there were mitigating circumstances in connection with respondent's misconduct. The Committee found that there was no written partnership agreement and that one partner dominated the partnership and was overbearing in his relationship with the other members of the firm; that constant disputes arose over the division of partnership profits; that respondent insisted he did not receive the percentage of profit to which he was entitled by the oral partnership agreement; that he could not obtain a copy of the partnership income tax return; that he was not reimbursed for personal and travel expenses incurred when litigating out of town; that on termination of his relationship with the firm he was not permitted to remove that portion of the firm library which he had brought with him when he first joined the partnership; and that he could not obtain an accounting of his capital contribution to the firm.

We agree with the conclusion of the Grievance Committee that the unsatisfactory circumstances between the partners did not excuse respondent's professional misconduct, but that they are factors to be considered in imposing discipline in this case.

In view of the findings, conclusions and recommendations of the Grievance Committee, with which we agree, it is the order and judgment

of the court that respondent, Richard O. Pittam, be suspended from the practice of law for a period of six months from the date hereof. It is further ordered that respondent pay to the Clerk of the Supreme Court the costs of these proceedings, in the sum of $148.48, within ninety days.

SO ORDERED this 26th day of September 1977.