The PEOPLE of the State of Colorado, Complainant,

v.

James A. CAIN, Jr., Attorney–Respondent.

No. 89SA500.

Supreme Court of Colorado, En Banc.

May 29, 1990.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

James A. Cain, Jr., pro se.

PER CURIAM.

On November 22, 1988, a complaint was filed with the Grievance Committee (the Committee) charging the respondent, James A. Cain, Jr., with professional misconduct while representing a client in connection with a bankruptcy matter. The hearing board recommended that the respondent be suspended from the practice of law for ninety days, and that he comply with the provisions of C.R.C.P. 241.22(c) as a condition of reinstatement. The hearing panel unanimously approved those recommendations. We adopt the hearing panel's recommendations.

I

The respondent was admitted to the Bar of this Court on February 10, 1954, and accordingly is subject to the jurisdiction of this court and the Committee. C.R.C.P. 241.1(b). In 1980 the respondent was disciplined by private censure for professional misconduct.

On April 21, 1987, Annette Thurman, having just moved to Powell, Wyoming, met with the respondent at his Strasburg, Colorado, law office and retained him to initiate bankruptcy proceedings for her business. Mrs. Thurman and the respondent orally agreed that she would pay him $600, at the rate of $100 per month, for his services and would also send him $100 to pay the requisite filing fee. The respondent indicated to her that she would have no difficulty filing her bankruptcy petition in Colorado.

Mrs. Thurman married Rick Thurman in May 1987, and continued to reside in Wyoming. On May 30, 1987, she and her husband returned to the respondent's office; gave him all relevant records relating to her income, assets and debts; and gave the respondent $100 for the filing fee. The respondent then informed Mrs. Thurman

that he would file the petition immediately. He did not do so.

In July 1987, Mrs. Thurman sent the respondent a check for $100 to be applied toward his fee. When she received no information concerning the status of her case, she and her husband tried to reach the respondent by telephone on numerous occasions. The respondent neither returned the calls nor corresponded with his client.

In early September 1987, Mr. Thurman went to the respondent's home and arranged a meeting for September 8 at the respondent's office. The Thurmans went to the respondent's office on that date, but the respondent did not appear.

On October 7, 1987, Mrs. Thurman wrote a letter to the respondent requesting that he either return the $200 to her or immediately forward all necessary documents for her signature. When the respondent did not reply, Mrs. Thurman contacted the Grievance Committee, thus initiating these proceedings.

The Committee commenced an investigation, and the respondent received notices and requests for a reply to the investigation on October 28, 1987, and on November 27, 1987. The respondent did not reply to the Committee.

In December 1987, after the initiation of these proceedings, Mr. Thurman met the respondent at the latter's home and demanded that the respondent return his wife's file and refund the sums she had paid. In January 1988, the respondent did send the file to Mrs. Thurman, together with $200. Mrs. Thurman ultimately obtained a discharge in bankruptcy in Montana.

On September 30, 1988, an investigative counsel for the Committee telephoned the respondent with regard to his failure to respond to the request for investigation. The respondent indicated that he would file a written response by October 7, 1988. However, he did not do so.

A hearing was conducted by the hearing board, during which the respondent stated that when Mrs. Thurman returned the completed bankruptcy forms to him in late May 1987, he informed her that her status as a Wyoming domiciliary could impair her ability to obtain a discharge in bankruptcy in Colorado. The respondent also stated that he believed that under his oral fee agreement with his client he was not required to file the petition in bankruptcy until he had received his entire $600 fee. Mr. and Mrs. Thurman stated that the respondent had not discussed any issue of domicile with them and that the respondent had agreed to file the petition in bankruptcy immediately upon receipt of the $100 filing fee. The hearing board determined that the Thurmans' recollections were accurate.

## II

The foregoing conduct of the respondent violated DR6–101(A)(3) (neglect of a legal matter), DR1–102(A)(1) (violation of a disciplinary rule) and C.R.C.P. 241.6(1). The respondent's misconduct was compounded by his prolonged refusal to respond to his client's inquiries and his failure to inform his client of domicile issues bearing on her desire to obtain a discharge in bankruptcy in Colorado. A lawyer must represent the interests of his or her clients faithfully and diligently. The evidence clearly establishes that the respondent failed to adhere to this standard of conduct. The evidence also establishes that during the delay Mrs. Thurman experienced great anxiety in attempting to deal with her creditors.

The respondent admitted that he should have advised Mrs. Thurman of the domicile issues, but suggested that he ultimately satisfied his obligations to his client by delivering her file to her and by refunding the sums he had collected. The hearing board found, however, that the respondent failed to appreciate the seriousness of his professional misconduct, and the record supports that determination. It was apparently more convenient to the respondent to delay fulfilling his responsibilities to Mrs. Thurman than to respond to her legitimate inquiries.

It is also noteworthy that the respondent failed to respond to two requests for investigation, in violation of C.R.C.P. 241.6(7).

This lack of attention to the grievance process itself further evidences the respondent's inability to recognize the serious nature of his unprofessional conduct, especially in view of the fact that the respondent had previously been disciplined for professional misconduct.

Although Mrs. Thurman ultimately did obtain her objective of gaining a discharge in bankruptcy, she did so only after considerable delay and after experiencing great anxiety. In view of the respondent's repeated failure to communicate with his client, his failure to recognize the magnitude of his misconduct and his refusal to cooperate with the hearing board, we believe the sanction of suspension is fully warranted. *See* ABA *Standards for Imposing Lawyer Sanctions,* § 4.42 (1986).

Accordingly, the respondent is hereby ordered suspended from the practice of law for a period of ninety days, commencing from the effective date of this opinion. *See* C.R.C.P. 241.21(a). The respondent is further ordered to pay the costs of these proceedings, in the amount of $614.35, to the Grievance Committee, 600—17th Street, Suite 500–S, Denver, Colorado 80202–5435, within thirty days of the date of this decision. The respondent shall comply with the provisions of C.R.C.P. 241.22(c) prior to reinstatement.