The PEOPLE of the State of Colorado, Complainant,

v.

Linda J. WHITAKER, Attorney–Respondent.

Nos. 90SA445, 91SA62.

Supreme Court of Colorado, En Banc.

June 10, 1991.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance for respondent.

PER CURIAM.

This attorney discipline case includes two separate grievance proceedings against the

respondent, Linda J. Whitaker.[1] In case 90SA445 the hearing board found that the respondent had violated several provisions of the Code of Professional Responsibility by neglecting a client's legal matter. The hearing board recommended a forty-five day suspension, restitution of the client's fee payment, and assessment of costs. In case 91SA62 the hearing board found ethical misconduct based on the respondent's refusal to pay for court reporting services, and recommended private censure, restitution, and assessment of costs. Whitaker did not respond to the request for investigation or the complaint in either grievance proceeding, a violation of her responsibility to cooperate with the grievance committee. The hearing panel approved the report and recommendation of the hearing board in each case. We are persuaded that a more severe sanction is required[2] and determine that the respondent should be suspended from the practice of law for a total of ninety days, make restitution, and pay the costs of the proceedings.

## I.

The respondent was admitted to the bar of this court on May 25, 1983, and is subject to the disciplinary jurisdiction of this court and its grievance committee in all matters relating to the practice of law. C.R.C.P. 241.1(b). She has no prior disciplinary record. The factual allegations and charges in the disciplinary complaints are deemed admitted by virtue of the respondent's defaults. C.R.C.P. 241.13(b); *People v. Richards,* 748 P.2d 341, 347 (Colo.1987).

## II. Case 90SA445

### A.

In April 1989 Lonnie W. Samora retained the respondent to handle a personal bankruptcy filing. The respondent and Samora mutually agreed to wait "a couple of months" before filing the bankruptcy petition. Samora next met with the respondent on June 10, 1989. In that meeting, Samora provided the respondent with his personal financial information so the respondent could prepare the bankruptcy petition. Samora made a cash payment of $400 as a flat fee for the respondent's legal services. Three days later, Samora signed the bankruptcy papers prepared by the respondent and gave her the $90 bankruptcy filing fee. The respondent assured Samora that she would file the bankruptcy the following day.

The respondent did not contact Samora for more than two weeks. When Samora finally reached the respondent during the week of July 3, 1989, the respondent told Samora that she had been ill. Samora subsequently discovered that the respondent had not filed the bankruptcy petition. He also learned that the respondent had vacated her business office, but Samora was able to obtain the respondent's new business address from another attorney. When Samora contacted the respondent, she explained that she had been ill and had not filed Samora's bankruptcy petition. The respondent agreed to update the bankruptcy papers and arrange for another attorney to handle this matter. The respondent, however, never made such arrangements. On July 28, 1989, Samora hired a new attorney who persuaded the respondent to turn over Samora's financial information and the $90 filing fee. The respondent never returned any portion of the $400 legal fee.

### B.

This matter was heard on June 12, 1990. The hearing board found that the respondent abandoned her responsibilities and her client when she failed to file Samora's bankruptcy petition. Her six week delay caused potential injury to Samora and her failure to return the $400 legal fee required Samora to incur additional and unnecessary costs. The hearing board concluded that the respondent violated DR 1–102(A)(1) (a

---

1. We consolidate cases 90SA445 and 91SA62 for the purposes of this opinion and order.

2. Because the respondent defaulted, we do not consider it necessary to issue a rule to show cause why a more severe sanction should not be imposed. *People v. Crimaldi,* 804 P.2d 863, 864 n. 1 (Colo.1991).

lawyer shall not violate a disciplinary rule); DR 2–110(A)(2) (withdrawal from employment without taking steps to avoid damage to client);[3] and DR 6–101(A)(3) (neglect of legal matter entrusted to a lawyer). Furthermore, the board viewed the respondent's unexplained neglect and abandonment of her client as willful and thereby violating DR 7–101(A)[ (1) ] (intentional failure to seek the lawful objectives of a client); and DR 7–101(A)(2) (intentional failure to carry out a contract of employment with a client). As a result of the disciplinary rule violations, the respondent also created grounds for discipline under C.R. C.P. 241.6 (any act or omission violating Code of Professional Responsibility).

The disciplinary complaint had also charged the respondent with a violation of DR 1–102(A)(4) (conduct involving misrepresentation). Although the respondent defaulted, the hearing board decided that there had been no violation of that disciplinary rule. The evidence before the hearing board showed only that the respondent accepted a fee for legal services and failed to perform those services. Such conduct does not always constitute misrepresentation, so the evidence did not clearly and convincingly establish that the respondent's conduct involved misrepresentation. Therefore, the hearing board concluded that a violation of DR 1–102(A)(4) had not been proven.[4]

The hearing board recommended that the respondent receive a forty-five day suspension from the practice of law, pay restitution to Samora in the amount of $400 plus statutory interest and pay the costs of the disciplinary proceedings. A hearing panel of the grievance committee approved the hearing board's findings and recommendation.[5]

3. The hearing board incorrectly referred to this as a violation of DR 2–110(A)(3).

4. The disciplinary counsel filed an exception to the hearing panel's approval of this conclusion. The disciplinary counsel asserts that the respondent's default required the hearing board to accept the allegations of the complaint. Therefore, the hearing board improperly dismissed the DR 1–102(A)(4) charge. The disciplinary counsel requests that we reinstate the DR 1–102(A)(4) charge and deem it admitted or remand to the hearing board for rehearing of the

## III. Case 91SA62

In July 1987, the Attorney's Service Center ("Center") reported and transcribed a deposition at the respondent's request. The Center delivered the transcript to the respondent on July 10, 1987, and billed her $295.10. The Center attempted to collect the $295.10 throughout 1987 and 1988. Although the respondent repeatedly promised to pay the bill, she never paid it. In early 1989 the Center filed suit as a small claim in the Denver County Court; a default judgment was entered against the respondent after she failed to appear or answer. The respondent never paid the judgment. The Center subsequently served interrogatories which the respondent failed to answer. The county court then issued a citation to the respondent to show cause why she had not answered the interrogatories. Again, the respondent failed to appear as ordered so a bench warrant was issued for the respondent's arrest.

The proprietor of the Center requested an investigation by the grievance committee. A copy of the request for investigation was sent by certified mail to the respondent's registered address. However, the certified letter was returned to the disciplinary counsel's office bearing the stamped legend "moved, left no forwarding address." A subsequent attempt to reach the respondent by regular mail also was unsuccessful. The disciplinary counsel filed a two count disciplinary complaint, and the allegations of the complaint were deemed admitted because the respondent failed to answer. See C.R.C.P. 241.13(b); *People v. Richards*, 748 P.2d at 347.

This matter was heard on September 18, 1990. The hearing board concluded that

dismissed allegation. The disciplinary counsel, however, does not believe reinstatement of the dismissed allegation should alter the recommendation for a 45 day suspension. Since we impose a greater sanction, we elect not to address the disciplinary counsel's exception.

5. The hearing board's report mistakenly stated that the disciplinary complaint had charged the respondent with a violation of DR 9–102(B)(4) (failure to return client property or funds). The hearing panel disagreed with this erroneous statement.

the respondent violated C.R.C.P. 241.6, DR 1–102(A)(1) (any act or omission violating Code of Professional Responsibility), DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), and DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), in connection with her failure to pay the Center's bill and her disregard of proceedings in the county court. The hearing board also concluded that the respondent's failure to respond to the request for investigation by the grievance committee violated C.R.C.P. 241.6(7) (failure to respond to request by the grievance committee without good cause) and C.R.C.P. 227(2)(b) (attorney is required to submit changes of home and business address to clerk of supreme court within thirty days of such change). The hearing board recommended that the respondent be privately censured, ordered to pay restitution to the proprietor of the Center, and directed to pay the costs of the disciplinary proceedings.[6] A hearing panel of the grievance committee approved the findings and recommendation of the hearing board; one member of the hearing panel disapproved the finding that the respondent's failure to respond to the request for investigation violated C.R.C.P. 241.6(7). The disciplinary counsel elected not to file exceptions to the findings of fact and recommendations of the hearing board.

## IV.

Since the recommendation of the hearing panel is only advisory and not binding on this court, we must independently decide the appropriate discipline suitable for the particular circumstances of this case. E.g., People v. Schubert, 799 P.2d 388, 392 (Colo.1990). We note that each grievance proceeding was conducted independently, so the hearing panels' recommended sanctions did not consider the combined incidents of ethical misconduct. We

conclude that a ninety day suspension is the appropriate discipline when the misconduct established in the two disciplinary proceedings is considered together.

The respondent's failure to file Samora's bankruptcy promptly was a serious breach of her professional duty to represent her client diligently. See People v. Crimaldi, 804 P.2d 863, 865 (Colo.1991). In personal bankruptcy cases, the client often faces serious financial difficulties and anxiety about dealing with creditors. See, e.g., People v. Cain, 791 P.2d 1133, 1134 (Colo. 1990). The bankruptcy petition affords relief from these financial and emotional difficulties. Thus, delay in filing the bankruptcy petition has great potential for injury to the client. The respondent's failure to respond to Samora's inquiries compounded this problem, and her failure to provide the successor attorney with Samora's information further delayed Samora in filing his petition. At the very least, the respondent caused potential injury to Samora. Suspension is warranted because the respondent knowingly failed to perform services for Samora and caused potential injury to Samora. See ABA Standards for Imposing Lawyer Sanctions 4.42(a) (1986) (ABA Standards). See also Crimaldi, 804 P.2d 863 (sixty day suspension for professional misconduct consisting principally of willful neglect of a legal matter); Cain, 791 P.2d at 1135 (ninety day suspension for neglect in initiating bankruptcy proceedings for a client).

The respondent's conduct in connection with her debt to the Center also justifies sanctions. The hearing board found that her repeated promises accompanied by her continuing failure to pay amounted to dishonesty, conduct that generally warrants public censure when it adversely reflects on lawyer's fitness to practice law. ABA Standards 5.13. This misconduct is especially relevant to disciplinary sanctions because the debt arose out of the respon-

---

**6.** One member of the hearing board dissented from the finding of violation of DR 1–102(A)(4) because he believed that the respondent's conduct did not demonstrate dishonesty, fraud, deceit or misrepresentation. The same member also dissented to the conclusion that the respon-

dent violated C.R.C.P. 241.6(7) because the evidence showed that the respondent did not receive the committee's request and her ignorance of that request constituted good cause for not responding to it. The dissenting member recommended only admonition.

dent's legal practice. Furthermore, the respondent did not pay the county court's judgment, answer the interrogatories or respond to the show cause order. In fact, her actions required the issuance of a bench warrant for her arrest. This complete disregard of the judicial proceedings is especially disturbing conduct by an officer of the court. *See ABA Standards* 6.22 (suspension appropriate when lawyer knowingly violates a court order or rule and causes injury or potential injury to a party or causes interference with a legal proceeding).

The respondent's complete disregard of the proceedings before the grievance committee is a significant aggravating factor. C.R.C.P. 241.6(7); *cf. ABA Standards* 9.22(e) (bad faith obstruction of disciplinary proceeding by intentionally failing to comply with order of disciplinary agency).[7] Other aggravating factors include her failure to make restitution, *ABA Standards* 9.22(j), her apparent indifference to the wrongful nature of her conduct, *see ABA Standards* 9.22(g) (refusal to acknowledge wrongful nature of conduct), and multiple instances of ethical misconduct, *ABA Standards* 9.22(d). The ultimate sanction for multiple charges of misconduct generally should be greater than the sanction for the most serious of the individual charges. *ABA Standards* § II at 6; *People v. Schubert,* 799 P.2d 388, 393 (Colo.1990). In each case, the sanction recommended by the grievance committee did not take into account the concurrent disciplinary proceedings. In light of the foregoing aggravating factors, the respondent's lack of a prior disciplinary record, *ABA Standards* 9.32(a), her only mitigating factor, is not entitled to great weight. Accordingly, we conclude that a ninety day suspension is the appropriate sanction for the respondent's breach of her professional responsibilities.

---

7. Although failure to cooperate with the grievance committee was the subject of a separate count of professional misconduct in the disciplinary complaint in Case 90SA445, the hearing board did not make specific findings and con-

## V.

We order that Linda J. Whitaker be suspended from the practice of law for ninety days, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.-21(a). Whitaker must also pay restitution to Lonnie W. Samora in the amount of $400 plus statutory interest dating from June 10, 1989, and pay restitution to William Senske in the amount of $295.10 with statutory interest from July 10, 1987, within ninety days of the date of this order. Finally, we order that Whitaker pay the costs of both disciplinary proceedings in the amount of $359.11 within thirty days of the date of this order to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500-S, Dominion Plaza, Denver, Colorado 80202.

clusions on this charge. It did consider failure to cooperate as an aggravating factor in recommending discipline. The disciplinary counsel specifically declined to object to this procedure.