The PEOPLE of the State of
Colorado, Complainant,

v.

Richard Orville PITTAM,
Attorney–Respondent.

No. 94SA91.

Supreme Court of Colorado,
En Banc.

Jan. 30, 1995.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Joseph Scheideler, Denver, for attorney-respondent.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved the findings of a hearing board that the respondent [1] violated the Code of Professional Responsibility, and also the board's recommendation that the respondent be suspended for two years and be assessed the costs of the proceeding. The respondent has excepted to the panel's action, primarily on the ground that the recommended discipline is too severe. We generally accept the findings of the board and panel, but modify the period of suspension to one year and one day.

I

The parties submitted an unconditional stipulation of facts to the hearing board. Based on the stipulation, the testimony of the complaining witness, and the statements and arguments advanced by the parties at the hearing, the board found that the following had been established by clear and convincing evidence.

The complaining witness met with the respondent on August 22, 1990, after reading the respondent's advertisement of a "free initial consultation" in the yellow pages. The complaining witness had plead guilty in April 1990 to driving under suspension, resulting in a lengthy suspension of his driving privileges. The respondent was retained to set the guilty plea aside. The written fee agreement provided for a $1000 retainer and estimated that the total cost would not exceed that amount. The agreement also stated that the respondent's hourly rate was $100.00. The client paid the retainer to the respondent in October 1990, and in November he mailed documents to the respondent regarding the guilty plea.

---

1. The respondent was admitted to the bar of this court on October 3, 1969, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

The respondent wrote to his client on February 8, 1991, that the trial judge had "turned down our Motion to Set Aside Plea and/or for Reconsideration and our Objection to Disposition." He also advised his client that he planned to meet with the judge informally to review the case. The respondent subsequently told his client that the judge would not reopen the case. When the client asked for a refund and an itemized bill, the respondent sent a bill and an accounting of his time indicating that he spent 9.3 hours at $120.00 per hour (instead of the agreed on $100.00 per hour), for a total of $1,116.00. The bill also included a charge for 0.9 hours spent during the "free initial consultation." The respondent's accounting reflects time spent in conference with the deputy district attorney and the judge. After the respondent's client filed the request for investigation in this proceeding, the respondent refunded $70.00 to the client.[2]

The respondent admitted that he never filed a motion to set the client's plea aside, and that he never spoke with the judge in the case. Moreover, the parties stipulated that "there is no evidence confirming that respondent spoke with the district attorney or judge." In addition, the respondent's explanation for the 0.9 hour charge during the initial consultation was that only the first half-hour was free. The respondent stipulated that his "advertisement asserting a 'free initial consultation' made no mention of this limitation and was, therefore, misleading."

The hearing board concluded that the respondent violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), because his representations that he had filed a motion to set the conviction aside, and that he had conferred with the judge and the deputy district attorney about the case, were false.[3] In addition, after entering into the retainer agreement with the client, the respondent had a duty to either file a motion to set aside the conviction, and actively pursue it; or, if the respondent's initial investigation revealed that such a course was hopeless, he should have so advised the client. Instead, the respondent misrepresented to the client that he had actively pursued the matter, but without success. The respondent's conduct therefore violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means); and DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client).

Finally, the board determined that the respondent's "free initial consultation" advertisement, combined with his failure to tell the client that there was a time limit on the "free" consultation, violated DR 2–101(A) (a lawyer shall not use any form of advertising, solicitation or publicity containing a false, fraudulent, *misleading*, deceptive, or unfair statement or claim).[4]

---

2. The $70.00 refund presumably represents the difference between the $1000.00 retainer paid by the client, and 9.3 hours at the agreed on rate of $100.00, or $930.00.

3. The respondent has attempted to rebut the board's conclusion that he did not speak with a deputy district attorney about the case with unsworn statements to the effect that he did speak with that person. The respondent's unsworn statements do not constitute evidence in the record contrary to the board's conclusion, and, in any event, the respondent's objection is immaterial to the gravamen of the misconduct charged.

4. In the stipulation, the respondent admitted that his "advertisement asserting a 'free initial consultation' made no mention of this limitation and

was, therefore, misleading." The hearing board also had "serious reservations about Respondent's credibility" in his answer and in his unsworn "argument" to the board indicating that the client was informed of the time limit. The record supports the board's conclusion that the respondent violated DR 2–101(A).

When the panel approves the board's factual findings, those findings are binding unless, after considering the record as a whole, the findings are unsupported by substantial evidence. *People v. Phelps*, 837 P.2d 755, 755 n. 1 (Colo.1992). Moreover, when the board acts as a fact finder, it has the duty to assess the credibility of the testimony and evidence before it. *Id.* The board's finding that the respondent was not credible is supported by the record, and we accept it. *People v. Robnett*, 859 P.2d 872, 877 (Colo.1993).

## II

■ The hearing panel approved the hearing board's recommendation that the respondent be suspended for two years, and be assessed the costs of the proceeding.[5] Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), in the absence of aggravating or mitigating factors, "[s]uspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client." ABA *Standards* 4.62. In addition, suspension is generally appropriate when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42.

In his argument before the board, and in the briefs filed in this court, the respondent maintained that his client suffered no actual harm either because of the respondent's misrepresentations or his non-action. The assistant disciplinary counsel concedes that any actual harm is speculative. Nevertheless, the respondent's failure to pursue the purposes of his client, for which he was retained, and his lies about his attempts to achieve that goal, presented at least the potential for injury.

The hearing board did not find any mitigating circumstances. Before the board, however, the assistant disciplinary counsel acknowledged that the respondent cooperated with the Office of Disciplinary Counsel during the case, and because he entered into a stipulation of facts, had a cooperative attitude toward the proceeding itself. *Id.* at 9.32(e).

■ The board considered the respondent's previous disciplinary history the most serious factor in aggravation, *id.* at 9.22(a),

and we agree. He received three letters of admonition, one in 1986, and two in 1991. The most recent admonition, in August 1991, was in part for providing false information to a court. Further, in 1977, the respondent was suspended for six months for misappropriation of law firm funds. *People v. Pittam,* 194 Colo. 104, 572 P.2d 135 (1977). While the previous suspension was seventeen years ago, *cf.* ABA *Standards* 9.32(m) (remoteness of prior offenses is a mitigating factor), the dishonesty at the heart of that offense, and of the present offense, is extremely troubling. We therefore conclude that the respondent should be suspended, and that he should be required to establish his rehabilitation as a condition of reinstatement. We also find, however, that a suspension for one year and one day will be sufficient given the circumstances in this case. Accordingly, we generally accept the hearing panel's action and recommendation, but we modify the period of suspension to one year and one day.

## III

It is hereby ordered that Richard Orville Pittam be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that the respondent must comply with C.R.C.P. 241.22(b)–(d) before he may be reinstated. It is also ordered that the respondent pay the costs of this proceeding in the amount of $144.01 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

---

5. The hearing board also recommended that the respondent "reimburse [the client] for the retainer which was advanced to him in the amount of $1,000.00...." In his objections to the findings of fact and recommendation of the hearing board, the respondent stated that he had reimbursed the client for the full $1,000.00 retainer, at some point following the filing of the request for investigation in this case. Restitution under such circumstances is not a mitigating factor.

*People v. Margolin,* 820 P.2d 347, 350 (Colo. 1991); ABA *Standards* 9.4(a). The assistant disciplinary counsel did not dispute that the respondent returned the retainer in his response to the respondent's objections. In approving the hearing board's findings and recommendations, the hearing panel made no reference to the board's recommendation of reimbursement. Under these circumstances, we decline to order restitution.