The PEOPLE of the State of
Colorado, Complainant,

v.

Richard Orville PITTAM, Attorney–
Respondent.

No. 96SA108.

Supreme Court of Colorado,
En Banc.

April 15, 1996.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Assistant Disciplinary Counsel, Denver, for Complainant.

Joseph Scheideler, Denver, for Attorney–Respondent.

PER CURIAM.

An inquiry panel of the supreme court grievance committee approved a stipulation, agreement and conditional admission of misconduct, C.R.C.P. 241.18, between the respondent and the assistant disciplinary counsel. The inquiry panel recommended that the respondent receive a public censure for practicing law while under an order of suspension. Given the unusual circumstances of this case, we accept the conditional admission, and publicly censure the respondent.

I

The respondent was admitted to the Colorado bar in 1969. In the conditional admission, the parties stipulated to the following facts and disciplinary violations.

The respondent was suspended from the practice of law for one year and one day, effective thirty days after January 30, 1995, the date of the order and opinion. *People v. Pittam*, 889 P.2d 678, 680 (Colo.1995). The respondent notified his client, Timothy Dutton, whom he represented in a dependency and neglect matter pending in the Jefferson County District Court, of his suspension on February 7, 1995, as required by C.R.C.P. 241.21(b). He did not, however, notify opposing counsel, *see* C.R.C.P. 241.21(c), or the district court handling the dependency and neglect action of his suspension.

In February 1995, the respondent contacted another lawyer, Joseph Scheideler, and asked him to represent Dutton at a review hearing to be held on March 16, 1995, after the effective date of the respondent's suspension. Scheideler agreed to represent Dutton.

On the day of the hearing, however, Scheideler was unable to appear in court with Dutton because he was involved in a jury trial that lasted longer than expected. The respondent agreed to appear at the review hearing, and entered his appearance before the district court judge on behalf of Dutton.

Counsel for the County Attorney's Office also appeared. The judge received a report from a social worker and a discussion ensued about its recommendation. The respondent stated, "Mr. Dutton has no objection to the recommendations, Your Honor, and requests that his motion for permanent custody be scheduled along with the Willis' motion for permanent custody. There's also—Mr. Dutton has a motion for support in this court which will be scheduled at the same time."

The district court judge adopted the recommendation and adjourned. On March 22, 1995, Scheideler substituted his appearance for the respondent in the Dutton matter.

As the respondent has admitted, the foregoing conduct violated C.R.C.P. 241.22(c) (requiring a suspended lawyer to notify opposing counsel of the suspension), and R.P.C. 5.5(a) (a lawyer shall not practice law in a jurisdiction where doing so violates the regulations of the legal profession in that jurisdiction).

## II

■ The inquiry panel approved the conditional admission and recommended that the respondent be publicly censured. Practicing law while under a disciplinary order of suspension is a serious offense. We have found disbarment warranted when a lawyer practices law while suspended or otherwise violates an order of suspension and causes harm to a client. *People v. Ross*, 873 P.2d 728, 729 (Colo.1994); *People v. Wilson*, 832 P.2d 943, 945 (Colo.1992); *People v. James*, 731 P.2d 698, 700 (Colo.1987).

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) provides that in the absence of mitigating circumstances, "[d]isbarment is generally appropriate when a lawyer knowingly violates a court order or rule with the intent to obtain a benefit for the lawyer or another, and causes serious injury or potentially serious injury to a party, or causes serious or potentially serious interference with a legal proceeding." *Id.* at 6.21. On the other hand, "[s]uspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." *Id.* at 6.22.

The assistant disciplinary counsel has stipulated that the respondent's involvement at the Dutton hearing was "minimal," and followed Dutton's pleas for the respondent to help him, even though Dutton knew the respondent had been suspended. The respondent had tried to make arrangements for substitute counsel to appear, but unforeseen circumstances had intervened. The respondent did not receive any benefit from his appearance on behalf of Dutton, and is now remorseful and understands his misconduct. In addition, the respondent's current health is poor.

The most significant aggravating factor is the respondent's history of discipline. *Id.* at 9.22(a). He received three letters of admonition, one in 1986, and two in 1991. In 1977, the respondent was suspended for six months for misappropriation of law firm funds. *People v. Pittam*, 194 Colo. 104, 572 P.2d 135 (1977). When he appeared at the Dutton hearing, the respondent was under suspension for one year and one day for neglect and for misrepresentations to his client. *Pittam*, 889 P.2d at 679–80.

■ Given the apparent absence of harm to Dutton, and the respondent's mental state at the time of the misconduct, ABA *Standards* 3.0(b) (the lawyer's mental state at the time of the misconduct should be considered when determining appropriate sanction), we have decided to accept the conditional admission and the recommendation of a public censure. Nevertheless, some members of the court would have rejected the conditional admission and its recommendation of a public censure as too lenient. As a part of any reinstatement proceeding from the previous order of suspension, the grievance committee should evaluate the respondent's conduct during his suspension.

## III

Richard Orville Pittam is hereby publicly censured. The respondent is ordered to pay the costs of this proceeding in the amount of $221.65 within thirty days after the an-

712

nouncement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.