The PEOPLE of the State of Colorado, Complainant,

v.

James Arnon CAIN, Attorney–Respondent.

No. 98SA33.

Supreme Court of Colorado, En Banc.

April 13, 1998.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel Denver, for Complainant.

No Appearance by or on Behalf of Attorney–Respondent.

PER CURIAM.

The respondent in this lawyer discipline case was suspended for ninety days in 1990, *see People v. Cain,* 791 P.2d 1133 (Colo.1990), and he has not been reinstated. Nevertheless, in 1994 he engaged in the practice of law while suspended. A hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that the respondent receive a public censure. Because of the unusual facts of this case, we accept the recommendation.

I

The respondent was admitted to practice law in Colorado in 1954. He did not answer the formal complaint filed in this case and a default was entered against him. The allegations of fact contained in the complaint were deemed admitted. C.R.C.P. 241.13(b); *People v. Pierson,* 917 P.2d 275, 275 (Colo. 1996). Based on the default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

On or about April 21, 1994, the respondent prepared six warranty deeds from Marvin Newby to his son, Kenneth Newby. He also prepared a promissory note in the amount of $165,000 from Kenneth Newby to his father, together with six deeds of trust to secure the note. The respondent notarized the deeds signed by the father. In preparing the deeds, the promissory note, and the deeds of trust, the respondent engaged in the practice

of law. *See Conway–Bogue Realty Inv. Co. v. Denver Bar Ass'n,* 135 Colo. 398, 410, 312 P.2d 998, 1004–05 (1957). The respondent was suspended from the practice of law for ninety days on May 29, 1990. *See Cain,* 791 P.2d at 1135. Because he has never filed an affidavit stating that he has complied with the order of suspension pursuant to C.R.C.P. 241.22(b), he has never been reinstated. His practice of law in 1994 therefore violated Colo. RPC 5.5(a) (practicing law in violation of the regulations of the legal profession), and C.R.C.P. 241.6(6) (violating an order of discipline).

## II

■ Practicing law while under a disciplinary order of suspension is a serious offense. We have found disbarment warranted when a lawyer practices law while suspended and causes harm to a client. *See People v. Ross,* 873 P.2d 728, 729 (Colo.1994). The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that in the absence of mitigating circumstances, "[d]isbarment is generally appropriate when a lawyer ... intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession...." *Id.* at 8.1(a). The hearing board found no evidence that the respondent's conduct caused actual harm, although the potential for harm was present. "Suspension is appropriate when a lawyer *knowingly* violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." *Id.* at 6.22 (emphasis added). On the other hand, a public censure is "appropriate when a lawyer ... *negligently* violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession...." *Id.* at 8.3(a) (emphasis added). The lawyer's mental state at the time of the misconduct is thus the critical difference between suspension and reprimand.

In *People v. Pittam,* 917 P.2d 710 (Colo. 1996), we publicly censured Pittam for prac-

ticing law while suspended. There are differences and similarities between this case and *Pittam.* The latter case involved a conditional admission in which it was stipulated that Pittam's misconduct was minimal, plus we found his mental state more consistent with a public censure than a suspension. *See* 917 P.2d at 711. In this case, the respondent's mental state is not readily determinable since he did not participate in the proceedings. The hearing board accordingly found no factors in mitigation.

In aggravation, the respondent has a history of discipline, including a private censure in 1980 and the ninety-day suspension in 1990. *See* ABA *Standards* 9.22(a). He also has substantial experience in the practice of law. *See id.* at 9.22(i). Of particular concern is the respondent's default and failure to participate in these proceedings. *See id.* at 9.22(e) (engaging in bad faith obstruction of disciplinary proceedings is an aggravating factor).

Given the factors in aggravation and the seriousness of the misconduct, a suspension would ordinarily be the minimum appropriate sanction. This is not the ordinary case, however. The respondent has not been reinstated from his 1990 suspension, although he was eligible for reinstatement ninety days after the order was entered. The respondent has therefore been suspended for a period of almost eight years. Because he has been suspended more than five years, he will be required to take and pass the bar examination before he is eligible for reinstatement. *See* C.R.C.P. 241.22(b). Under these circumstances, we deem an additional period of suspension unnecessary. Accordingly, we accept the hearing panel's and hearing board's recommendation of a public censure.

## III

The respondent, James Arnon Cain, is hereby publicly censured. It is further ordered that Cain pay the costs of this proceeding in the amount of $123.86 within thirty days after this opinion is announced to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202. Cain's reinstatement from his 1990 suspension shall be conditioned upon certification by the State Board of Law Ex-