The PEOPLE of the State of Colorado, Complainant

v.

Kem W. SWARTS, Respondent.

No. 09PDJ080.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

June 30, 2010.

Attorney Regulation. Following a Sanctions Hearing, the Presiding Disciplinary Judge suspended Kem W. Swarts (Attorney Registration No. 29242) from the practice of law for a period of three months, with the condition of reinstatement proceedings pursuant to C.R.C.P. 251.29(c), effective March 6, 2010. Respondent practiced law after he had been administratively suspended by the Colorado Supreme Court for failing to comply with his CLE and attorney registration fee requirements. He also failed to present mitigating evidence or otherwise participate in these proceedings. His misconduct admitted by default constituted grounds for the imposition of discipline pursuant to C.R.C.P. 251.5, and violated Colo. RPC 3.4(c) and 5.5(a), as well as C.R.C.P. 251.5(d) and C.R.C.P. 251.10.

### DECISION AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

On April 15, 2010, the Presiding Disciplinary Judge ("the Court") held a Sanctions Hearing pursuant to C.R.C.P. 251.15(b). James S. Sudler appeared on behalf of the Office of Attorney Regulation Counsel ("the People"). Kem W. Swarts ("Respondent") did not appear nor did counsel appear on his behalf. The Court now issues the following "Decision and Order Imposing Sanctions Pursuant to C.R.C.P. 251.19(c)."

### I. *ISSUE AND SANCTION*

Suspension is generally appropriate when a lawyer knowingly violates a court order or

engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury. Respondent practiced law after he had been administratively suspended by the Colorado Supreme Court for failing to comply with his CLE and attorney registration fee requirements. He also failed to answer the complaint or otherwise participate in these proceedings. What is the appropriate sanction for his misconduct?

After considering the nature of Respondent's misconduct, the Court finds a three-month suspension, with the condition of reinstatement proceedings pursuant to C.R.C.P. 251.29(c), is the appropriate sanction for Respondent's misconduct.

## II. PROCEDURAL HISTORY

■ The People filed a complaint on September 8, 2009. Respondent failed to answer the complaint and the Court granted a motion for default on January 12, 2010. Upon the entry of default, the Court deems all facts set forth in the complaint admitted and all rule violations established by clear and convincing evidence.[1]

## III. ESTABLISHED FACTS AND RULE VIOLATIONS

The Court hereby adopts and incorporates by reference the factual background of this case fully detailed in the admitted complaint. Respondent took and subscribed the Oath of Admission and gained admission to the Bar of the Colorado Supreme Court on March 10, 1998. He is registered upon the official records, Attorney Registration No. 29242, and is therefore subject to the jurisdiction of the Court pursuant to C.R.C.P. 251.1.

On February 9, 2009, in Arapahoe County Court Case No. 08T795, Deputy District Attorney Andrew Steers met with a person claiming to be defense counsel for the defendant, Cindy Swarts. Respondent was the person who claimed to be the defendant's attorney.

At one point, Mr. Steers asked Respondent if he was an attorney and if he was representing the defendant. Respondent introduced himself as "the defendant's husband and attorney." Mr. Steers had asked Respondent this question, because he has had issues with spouses and parents acting as attorneys in the past. Respondent said he was an attorney and that he was representing the defendant, his wife, in that matter.

On February 10, 2009, Mr. Steers received a motion from defense counsel, which appeared to be signed by counsel, but does not have counsel's name on it.[2] Mr. Steers contacted the Colorado Supreme Court, Office of Attorney Registration website and confirmed that Respondent's license to practice law had been suspended.

Respondent had been administratively suspended by the Colorado Supreme Court on June 24, 2008, for failing to comply with continuing legal education ("CLE") requirements pursuant to C.R.C.P. 260.6(10). He had also been administratively suspended on August 14, 2008, for failing to timely pay his 2008 attorney registration fee as required under C.R.C.P. 227(A)(4)(a). Respondent has never taken any steps to reinstate his license to practice law.

■ Based on these admitted facts, the Court finds Respondent violated Colo. RPC 3.4(c) when he knowingly violated the Colorado Supreme Court's orders administratively suspending him from the practice of law for failing to comply with CLE requirements and for failing to pay his attorney registration fees. The Court also finds Respondent violated Colo. RPC 5.5(a) when he practiced law by representing his wife in the Arapahoe County matter. Finally, the Court finds Respondent violated C.R.C.P. 251.5(d) and C.R.C.P. 251.10 by failing to respond to repeated attempts by the People for information in the course of their investigation.

## IV. SANCTIONS

The ABA Standards for Imposing Lawyer Sanctions ("ABA Standards") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanc-

---

1. See People v. Richards, 748 P.2d 341, 346 (Colo. 1987).

2. See the People's Exhibit A.

tions for lawyer misconduct.[3] In imposing a sanction after a finding of lawyer misconduct, the Court must first consider: the duty violated; the lawyer's mental state; the actual or potential injury caused by the lawyer's misconduct; and the existence of aggravating and mitigating evidence pursuant to ABA *Standard* 3.0.

■ Respondent's failure to participate in these proceedings leaves the Court with no alternative but to consider only the established facts and rule violations set forth in the complaint. The Court finds Respondent violated duties owed to the legal system and other duties owed as a professional.[4] Respondent specifically failed to refrain from engaging in the practice of law after the Colorado Supreme Court administratively suspended his license. The entry of default established that Respondent *knowingly* violated the Colorado Supreme Court's administrative suspension order. The entry of default also established that Respondent caused potential injury to the legal system and the profession as a result of his misconduct.

The Court finds evidence in aggravation through Respondent's failure to acknowledge the wrongful nature of his conduct by failing to participate in these proceedings, even though the Court cannot find he engaged in bad faith obstruction of these proceedings.[5] His failure to participate in these proceedings also precluded the presentation of evidence in mitigation. However, the People conceded that Respondent has no prior disciplinary record consistent with ABA *Standard* 9.32(a).

The ABA *Standards* suggest that suspension is the presumptive sanction for the misconduct demonstrated by the admitted facts and rule violations. Suspension is generally appropriate when a lawyer knowingly violates a court order or engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury.

Here, the established facts demonstrate Respondent knowingly practiced law after he had been administratively suspended by the Colorado Supreme Court for failing to comply with his CLE and attorney registration fee requirements.[6]

The PDJ distinguishes this case from Colorado Supreme Court case law imposing the most severe sanction of disbarment when a lawyer violates a court order to not practice law while under a disciplinary suspension.[7] The PDJ also distinguishes this case from one where the Colorado Supreme Court publicly censured a respondent who practiced law after he had been suspended, because he still faced the requirement of reinstatement proceedings.[8] The People conceded they may have sought a public censure instead of suspension had Respondent participated in these proceedings.

## V. CONCLUSION

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. The facts established in the complaint, without explanation or substantial mitigation, reveal the potential harm Respondent has caused the legal system and the profession. Although this is not a particularly egregious case in terms of harm, lawyers are officers of the court, and the public expects them to abide its orders. Upon consideration of the nature of Respondent's misconduct, his mental state, the potential harm he caused, the aggravating factors, and the absence of significant mitigating factors, the Court concludes that the ABA *Standards* and Colorado Supreme Court case law both support a short suspension, with the requirement of reinstatement proceedings, in this case.

## VI. ORDER

The Court therefore **ORDERS**:

---

3. *See In re Roose*, 69 P.3d 43, 46–47 (Colo.2003).

4. *See* ABA *Standards* 6.0 and 7.0.

5. *See* ABA *Standards* 9.22(e) and (g).

6. *See* ABA *Standards* 6.22 and 7.2.

7. *See People v. Redman*, 902 P.2d 839 (Colo. 1995); *People v. Zimmermann*, 960 P.2d 85 (Colo.1998).

8. *See People v. Cain*, 957 P.2d 346, 346–47 (Colo. 1998).

1. Kem W. Swarts, Attorney Registration No. 29242, is hereby **SUSPENDED** from the practice of law for a period of **THREE (3) MONTHS, with the condition of reinstatement proceedings pursuant to C.R.C.P. 251.29(c).** The suspension **SHALL** become effective thirty-one (31) days from the date of this order upon the issuance of an "Order and Notice of Suspension" by the Court and in the absence of a stay pending appeal pursuant to C.R.C.P. 251.27(h).

2. Respondent **SHALL** pay the costs of these proceedings. The People shall submit a "Statement of Costs" within fifteen (15) days of the date of this order. Respondent shall have ten (10) days within which to respond.