The PEOPLE of the State of Colorado, Complainant

v.

Kevin Derek PERNELL, Respondent.

No. 03PDJ051.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Feb. 12, 2004.

Opinion issued by a Hearing Board consisting of Presiding Officer EDWARD L. ZORN, and Hearing Board members CORINNE MARTINEZ–CASIAS and MARK D. SULLIVAN, both members of the bar.

## REPORT, DECISION AND IMPOSITION OF SANCTIONS

### SANCTION IMPOSED: ATTORNEY DISBARRED

A sanctions hearing pursuant to C.R.C.P. 251.15 was held on January 15, 2004, before a Hearing Board consisting of Presiding Officer Edward L. Zorn, and two Hearing Board members, Corinne Martinez–Casias and Mark D. Sullivan, both members of the bar. James S. Sudler, Assistant Attorney Regulation Counsel, represented the People of the State of Colorado (the "People"). Respondent Kevin Derek Pernell ("Pernell") did not appear either in person or by counsel.

The Complaint in this action was filed July 22, 2003. The Citation and Complaint were sent by regular and certified mail to Pernell on July 22, 2003. A proof of service was filed

August 14, 2003, establishing that service was effected via regular and certified mail to Pernell's registered business and home addresses. Service was therefore proper pursuant to C.R.C.P. 251.32(b). Pernell did not file an Answer to the Complaint. On August 15, 2003, the People filed a Motion for Default. Pernell did not respond. On October 15, 2003, the PDJ issued an Order granting the Motion in part and denying the Motion in part. Default was denied on claim five and claim fourteen both alleging violations of Colo. RPC 1.16(d), which were thereafter dismissed.[1] Default was granted on the remaining claims, which were deemed established, and establishing all factual allegations. *See People v. Richards,* 748 P.2d 341 (Colo. 1987).

At the sanctions hearing, exhibits 1 through 3 were offered by the People and admitted into evidence. The Hearing Board considered the People's argument, the facts established by the entry of default, the exhibits admitted, assessed the testimony and credibility of the witnesses and made the following findings of fact which were established by clear and convincing evidence.

### I. FINDINGS OF FACT

Pernell has taken and subscribed to the oath of admission, was admitted to the bar of the Supreme Court on December 17, 1993, and is registered upon the official records of this court, registration number 23626. Pernell is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b). Pernell was administratively suspended from the practice of law effective June 13, 2003 for failing to comply with his Continuing Legal Education requirements.

All factual allegations set forth in the Complaint were deemed admitted by the entry of default. The facts set forth in the Complaint are therefore established by clear and convincing evidence. *See* Complaint attached hereto as exhibit 1.

---

1. A portion of claim nine alleging a violation of Colo. RPC 1.1 was also denied in part. *See* Paragraph 104(d) of the Complaint.

## II. CONCLUSIONS OF LAW

The within disciplinary matter arises from Pernell's representation of five separate clients. The entry of default established the following violations of the Colorado Rules of Professional Conduct ("Colo.RPC") involving the five clients: claims one, nine, and seventeen alleged three separate violations of Colo. RPC 1.1 (an attorney shall provide competent representation to a client); claim two, six, ten, thirteen, and eighteen alleged five separate allegations of Colo. RPC 1.3 (an attorney shall not neglect a legal matter entrusted to that attorney)[2]; claims three, seven, and eight, alleged three separate violations of Colo. RPC 1.4(a)[3] (an attorney shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); claim four alleged a violation of Colo. RPC 1.15(a)(in connection with a representation, an attorney shall hold property of clients or third persons that is in the attorney's possession separate from the attorney's own property); claims four, eleven, twelve, and sixteen alleged four separate violations of Colo. RPC 8.4(c)(engaging in dishonesty, deceit, fraud or misrepresentation), and claim fifteen alleged a violation of Colo. RPC 3.4(c)(an attorney shall not knowingly disobey an obligation under the rules of a tribunal) and Colo. RPC 8.1(b)(an attorney in connection with a disciplinary ... matter shall not knowingly fail to respond reasonably to a lawful demand for information from an admission or disciplinary authority) constituting grounds for discipline pursuant to C.R.C.P. 251.5(d).

In the Thomas–Criswell Matter (claims one, two, three, and four), the client hired Pernell to represent her in an adoption matter against a state entity. She paid Pernell an advance cost retainer. Pernell filed a notice of claim and sent it to the state authorities but did not advise the client that he had done so. The client endeavored to communicate with Pernell without success for five months. Approximately five months following his acceptance of the case, Pernell met with the client and informed her that he would file the complaint within the next two weeks. At no time did Pernell file the complaint. One month later the client wrote to Pernell requesting to know his intentions with regard to his representation, stating that if he did not intend to represent her he should return her file and the cost retainer. Following the client's filing a Request for Investigation with the Office of Attorney Regulation Counsel, Pernell called the client and left a message stating that he needed additional help on the case and admitting that he did not have the cost retainer she had paid him. The client subsequently terminated Pernell's representation and requested the return of her advance cost retainer and file by a date certain. Approximately one month later, Pernell refunded the cost retainer to the client and returned her file. By failing to associate with competent co-counsel or decline representation, by failing to file a complaint and remaining the client's attorney when he knew he lacked the necessary skills to represent her, Pernell violated Colo. RPC 1.1. By failing to fully investigate the matter and failing to file a complaint, Pernell violated Colo. RPC 1.3. By failing to respond to the client's attempts to contact him and failing to respond to her letters and advise her of the status of the case, Pernell violated Colo. RPC 1.4(a). By accepting a cost deposit, failing to perform the agreed upon tasks over an extended period of time, including the filing of a complaint, and failing to return the funds to the client when requested, Pernell engaged in knowing conversion of the client's funds in violation of Colo. RPC 8.4(c).[4] Pernell failed to hold the client funds

2. The Complaint did not allege that the extent of Pernell's neglect and/or failure to communicate rose to the level of abandonment; accordingly, the Hearing Board does not address the issue of abandonment.

3. Claim three references a violation of Colo. RPC 1.4(b) but only in the paragraph heading; accordingly it was not addressed in the Order of Default and is not addressed here.

4. In the Thomas–Criswell matter, Pernell did refund the full amount paid to him following the client's filing a Request for Investigation with the Office of Attorney Regulation Counsel. The payment of restitution following a client's filing a Request for Investigation is considered neither as aggravation or mitigation. *See People v. Brady,* 923 P.2d 887, 890 (Colo.1996), *citing People v. Pittam,* 889 P.2d 678, 680 (Colo.1995); ABA *Standard* 9.4(a).

separate from his own in violation of Colo. RPC 1.15(a).

In the Green Matter, the client hired Pernell to have certain liens removed from the client's property. The client tendered a fee retainer to Pernell. Thereafter, over a period of two months, the client attempted to contact Pernell by various means. He left Pernell approximately fifteen voicemail messages and Pernell did not respond to them. Following the client's filing a Request for Investigation, Pernell returned the full fee retainer to the client. By neglecting to take the legal action requested by the client, Pernell violated Colo. RPC 1.3. By failing to communicate with the client following his acceptance of the case, Pernell violated Colo. RPC 1.4(a).

In the Mason Matter, the client first hired Pernell to represent him in a C.R.Crim. P. 35(b) matter and paid him a fee retainer. Pernell filed a motion on the client's behalf to request that the court reconsider the sentence. The court ruled on the motion but Pernell was unaware that the court had ruled because he had moved his offices and failed to advise the court. The client tendered an additional amount of funds after Pernell affirmed that additional funds would assist him in resolving the matter. Pernell promised to provide an itemized bill of his services. He failed to do so. For the next six months, Pernell informed the client that he had not heard from the court. The client finally wrote directly to the court and found out that the motion had been denied some six months earlier. During Pernell's representation of the client on the 35(b) motion, Pernell agreed to handle a paternity matter for the client. Pernell accepted an additional amount for the paternity matter. The client requested that Pernell confirm to the authorities that the client was not contesting paternity. Pernell assured the client that he would take care of the matter. Thereafter, an order issued stating that the client had defaulted in the proceeding. The client attempted to reach Pernell over several weeks, requesting return of his funds. Pernell confirmed that he would return the amount requested by the client. Pernell did not return the funds and never contacted the client. Pernell's failing

to adequately communicate with the client in both the criminal action and the paternity action constituted a violation of Colo. RPC 1.4(a). Pernell's failing to check the court's file to determine what action was taken in the criminal case and failing to take any action in the paternity case constituted a violation of Colo. RPC 1.1. Pernell's failing to take any action in the paternity case, and to take the necessary steps to determine whether there had been a ruling in the criminal case constituted neglect in violation of Colo. RPC 1.3. Pernell accepted additional funds in the criminal matter to assist him in resolving the case for his client, accepted funds in the paternity action, performed no services for the amount tendered, and failed to return the funds when requested. Pernell's handling of the client's funds constituted knowing conversion in violation of Colo. RPC 8.4(c).

In the Roundtree Matter, the client hired Pernell to defend his company in a lawsuit. Pernell filed an answer and counterclaim on behalf of Artistic. Four days prior to the trial date, Pernell moved for a continuance based on his busy calendar and his inability to adequately prepare. At the same time, Pernell moved to withdraw based on a conflict of interest with the client. The court granted the motion to continue but did not rule on the motion to withdraw. Eight months later, a few days before the trial was set to commence, Pernell filed another motion to continue raising again the issue he initially raised in the motion to withdraw. The motion was granted and the trial was rescheduled. The court granted the request for an award of attorney's fees against Pernell and his client based on Pernell's waiting to raise the conflict of interest issue until a few days before trial and causing the opponent's costs of trial preparation. By failing to prepare for trial and failing to move to withdraw until shortly before the second trial setting, Pernell neglected the client's matter in violation of Colo. RPC 1.3. By failing to respond to a request for information from a disciplinary agency, Pernell knowingly disobeyed an obligation under the rules of a tribunal in violation of Colo. RPC 3.4(c) and Colo. RPC 8.1(b).

In the Barrington Matter, the client hired Pernell to represent him in a case involving his receiving a citation for driving under the influence of alcohol. Pernell agreed to perform the services for a certain sum, and the client tendered that amount. A date had been set requiring the client to appear in court. Pernell informed the client that he would change the date, and assured him he did not need to appear. The client did not appear. Thereafter the client made repeated attempts to contact Pernell without success. He finally discovered from the court that it had issued a bench warrant for his arrest. The client was fined and ordered to perform community service. The client requested that Pernell return his funds. Pernell has not refunded to the client the funds he was paid. Pernell's accepting funds from the client, failing to perform the requested work, and failing to refund the monies paid to him by the client when requested amounts to knowing conversion in violation of Colo. RPC 8.4(c). Pernell failed to provide competent representation to the client in violation of Colo. RPC 1.1. He neglected the client's matter in violation of Colo. RPC 1.3 by failing to take any action on the client's behalf.

### III. SANCTION/IMPOSITION OF DISCIPLINE

■ The ABA *Standards for Imposing Lawyer Sanctions* (1991 and Supp.1992) ("ABA *Standards* ") are the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct. *In re Roose,* 69 P.3d 43, 47 (Colo.2003), *modified, reh'g denied.*

ABA *Standards* § 4.11 provides:

Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.

■ Pernell's knowing conversion of funds in the Thomas–Criswell matter, the Mason matter, and the Barrington matter meets the criteria for disbarment under ABA *Standard* § 4.11. Colorado case law is consistent with

the ABA *Standards* in holding that disbarment is the presumed sanction for knowing conversion of the client's property. *See People v. Varallo,* 913 P.2d 1, 11 (1996). *See also, People v. Wiedman,* 36 P.3d 785, 788 (Colo.1999) (holding that a lawyer's knowing misappropriation of funds, whether belonging to a client or a third party, warrants disbarment except in the presence of extraordinary factors in mitigation).

In each of the three incidents, Pernell accepted client funds, failed to perform the work the client had requested and failed to return the funds. In each of the three cases, the client suffered injury or potential injury. In the Thomas–Criswell matter, the client's claim was barred by the statute of limitations. Pernell's failing to reasonably pursue her matter, including filing a complaint on her behalf, forever barred her ability to pursue the matter.[5] In the Mason matter, Pernell's actions resulted in the court's entering a default against the client in a paternity proceeding with financial consequences that may have been impacted if the client were adequately represented. In the Barrington matter, a bench warrant issued for the client's arrest due to Pernell's failing to change a court date and advising the client that it was unnecessary that he appear.

The remaining violations of the Rules of Professional Conduct do not impact the sanction of disbarment based on Pernell's three incidents of knowing conversion of client funds. They do, however, underscore that disbarment is warranted. *See* ABA *Standard* 4.41(b)(stating that disbarment is generally appropriate where a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client); ABA *Standard* § 6.22(stating that suspension is generally appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding).

---

5. The fact that Ms. Thomas–Criswell suffered this harm was brought to the Hearing Board's attention through Ms. Thomas–Criswell's oral complaining witness statement at the sanction hearing. Although not included in the Complaint or introduced into evidence, the Hearing Board may consider this fact in aggravation in deciding the appropriate sanction.

Determination of the appropriate sanction requires the Hearing Board to consider aggravating and mitigating factors pursuant to ABA *Standards* 9.22 and 9.32 respectively. Since Pernell did not participate in these proceedings, no mitigating factors were established, although the People confirmed that Pernell did not have a prior disciplinary history, considered a mitigating factor pursuant to ABA *Standard* 9.32(a). The lack of a prior disciplinary history does not lessen the Hearing Board's decision that disbarment is warranted. In aggravation, Pernell engaged in a pattern of misconduct, ABA *Standard* 9.22(c); he engaged in multiple offenses, *see id,* at 9.22(d); he has demonstrated indifference to making restitution, *see id.* at 9.22(j), and he failed to cooperate in the disciplinary proceeding, *see id.* at 9.22(e).

The Hearing Board further finds that restitution is warranted. The entry of default established that Pernell was paid $5,750 for his representation in the criminal matter and the paternity matter. Of this amount, the People request that Pernell pay Mr. Carlos Mason $3,250 of this amount. The People further request the amount of $500 to be paid as restitution to Mr. Scott Barrington, an amount that is supported in the Complaint.

### IV. ORDER

It is therefore ORDERED:

1. KEVIN DEREK PERNELL, attorney registration 23626, is DISBARRED from the practice of law effective thirty one days from the date of this order, and his name shall be stricken from the roll of attorneys licensed to practice law in this state.

2. KEVIN DEREK PERNELL is Ordered to pay the costs of these proceedings within sixty (60) days of the date of this order. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Pernell shall have five (5) days thereafter to submit a response thereto.

3. Within twelve months of the date of this Order, Pernell shall pay to Mr. Carlos Mason the amount of three thousand, two-hundred and fifty dollars ($3,250).

Pernell shall contact the Client Protection Fund and determine whether Mr. Mason has been paid this amount out of the fund. If Mr. Mason has been paid, Pernell shall pay restitution to the Client Protection Fund as assignee of Mr. Mason.

4. Within twelve months of the date of this Order, Pernell shall pay to Mr. Scott Barrington the amount of five hundred dollars ($500). Pernell shall contact the Client Protection Fund and determine whether Mr. Barrington has been paid this amount out of the fund. If Mr. Barrington has been paid, Pernell shall pay restitution to the Client Protection Fund as assignee of Mr. Barrington.

### EXHIBIT 1

James S. Sudler, # 08019 Assistant Regulation Counsel John S. Gleason, # 15011 Regulation Counsel Attorneys for Complainant 600 17th Street, Suite 200–South Denver, Colorado 80202

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14, and it is alleged as follows:

### Jurisdiction

The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on December 17, 1993, and is registered upon the official records of this court, registration no. 23626. He is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's last known address is 1242 Gaylord Street, # 201, Denver, CO 80206. The respondent's registered business and home addresses are, respectively: 383 Inverness Parkway, Suite 400, Englewood, CO 80112; 1242 Gaylord Street, # 201, Denver, CO 80206.

**General Allegations in Thomas–Criswell Matter**

**On or about August 24, 2001, Adrienne Thomas–Criswell hired the respondent**

for a case against Adams County Social Services. Ms. Thomas–Criswell signed a contingency fee agreement with the respondent and paid him an advance cost retainer of $800.00.

An attorney client relationship was formed between the respondent and Ms. Thomas–Criswell, thereby forming an obligation on the part of the respondent to perform the agreed-upon services. By agreeing to perform the requested services, the respondent inherently represented that he would provide the services in accordance with the Colorado Rules of Professional Conduct.

Ms. Thomas–Criswell's case involved allegations that Adams County had violated a duty owed to Thomas–Criswell when she adopted a child.

The respondent stated that this case was "huge" and that the documents took up two boxes with potential witnesses and defendants numbering at least ten each.

The respondent and Ms. Thomas–Criswell met in October of 2001 and the respondent told her that he would send out the governmental immunity notice of claim. The respondent filed a notice of claim and sent it to the Adams County Attorney's Office, and the Attorney General for the State of Colorado. The notice was sent on or about October 22, 2001.

The respondent did not communicate to his client that he had filed the notice of claim.

Ms. Thomas–Criswell met with the respondent on April 8, 2002, after she had tried various times to communicate with him earlier. He told her then that he would file the complaint within the next two weeks. By agreeing to file a complaint within the next two weeks, the respondent created duty on his part to file the complaint in such a timely fashion, or to communicate to his client that he had not done so. The respondent did not file the complaint at any time and failed to inform his client that he had not complied with the schedule he had set.

On May 14, 2002, Ms. Thomas–Criswell wrote to the respondent by certified mail outlining her complaints about his lack of activity and his lack of communication with her despite her requests in writing and by phone. She asked for the respondent to tell her in writing within 10 days about his intentions on the case. She told him that if he did not intend to represent her she wanted to know when she could pick up her file and get her advanced costs.

Ms. Thomas–Criswell did not hear from the respondent and on May 28, 2002, she filed a request for investigation that led to this formal proceeding.

On or about May 30, 2002, the respondent called Ms. Thomas–Criswell and left a message that she transcribed. Among other things he stated that he was looking for other attorneys to help him on the case because he thought it was going to be sufficiently large that it needed more than just him. This was the first Ms. Thomas–Criswell had heard about his need for other attorneys. In this message he also stated:

As far as the money, that's the reason I'm running around. I can either run around or call people back and tell them I don't have their money. I would presume, especially given the tone of your letter, you'd rather me go get you money than ... than call you about anything from what I understand.

Ms. Thomas–Criswell terminated the respondent in writing on June 13, 2002, in a letter. In that letter she asked him for the return of her cost retainer and her file no later than June 21, 2002.

The respondent did not comply with these requests.

On July 8, 2002, the respondent left a voice mail for Ms. Thomas–Criswell stating that he needed to make ar-

rangements to provide her with her file and money.

On about July 28, 2002, the respondent paid $800.00 to his client. He also returned her files and believed that he had returned a copy of the notice of claim.

The respondent has been requested to provide his trust account records in order to trace the $800 in advanced costs, but he has stated that his records are such a mess that he cannot do so.

## CLAIM I

### [A Lawyer Shall Provide Competent Representation To A Client— Colo. RPC 1.1]

Paragraphs 1 through 16 are incorporated herein as if fully set forth.

Colo. RPC 1.1 provides that a lawyer shall provide competent representation to a client, and that competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

The respondent failed to provide his client competent legal representation:

a. by failing to hire or associate with competent co-counsel early in his representation of Ms. Thomas–Criswell or in the alternative, by failing to timely decline representation of the client in this matter;

b. by failing to conclude a pre-filing investigation and/or by failing to file a complaint against Adams County in a timely fashion;

c. by remaining the attorney for the client despite lacking the necessary knowledge, skill, thoroughness and preparation reasonably necessary for such representation.

Each of these failures by the respondent constitutes a separate incident of failure to provide competent legal representation, as do all of them together.

The respondent knew or should have known that he was failing to provide competent legal representation to the client, but made no effort to remedy the situation.

The respondent's failure to provide competent legal representation to the client caused serious or potentially serious injury or potential injury to the client.

By such conduct, the respondent violated Colo. RPC 1.1.

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM II

### [A Lawyer Shall Act With Reasonable Diligence and Promptness in Representing a Client and Shall Not Neglect a Legal Matter Entrusted to that Lawyer—Colo. RPC 1.3]

Paragraphs 1 through 16 are incorporated herein as if fully set forth.

Colo. RPC 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client, and that a lawyer shall not neglect a legal matter entrusted to that lawyer.

The respondent failed to act with reasonable diligence and promptness and neglected the client's legal matter in each of the following respects:

a. by failing to file a complaint when he promised to do by a date certain;

b. by failing to diligently and promptly associate with or hire competent co-counsel to assist him;

c. by failing to investigate his client's matter;

d. by failing to perform any pre-filing investigation.

The respondent was required to complete each of the specific tasks described above. Each of these failures by the respondent constitutes a separate incident of lack of diligence and promptness, and/or neglect, as do all of them together.

The respondent knew or should have known that his lack of diligence and promptness, and/or neglect continued to occur over a period of months and involved a pattern and practice of lack of diligence and promptness, and/or neglect.

The respondent's lack of · diligence and promptness, and/or neglect caused injury or potential injury to the client.

By such conduct, the respondent violated Colo. RPC 1.3.

WHEREFORE, the complainant prays at the conclusion hereof.

## I. CLAIM III

[A Lawyer Shall Keep A Client Reasonably Informed About the Status of a Matter, Promptly Comply With Reasonable Requests for Information, and Explain a Matter to the Extent Reasonably Necessary to Permit the Client to Make Informed Decisions Regarding the Representation—Colo. RPC 1.4(a) and (b) ]

Paragraphs 1 through 16 are incorporated herein as if fully set forth.

Colo. RPC 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client, and that a lawyer shall not neglect a legal matter entrusted to that lawyer.

The respondent failed to act with reasonable diligence and promptness and neglected the client's legal matter in each of the following respects:

a. by failing to file a complaint when he promised to do by a date certain;

b. by failing to diligently and promptly associate with or hire competent co-counsel to assist him;

c. by failing to investigate his client's matter;

d. by failing to perform any pre-filing investigation.

The respondent was required to complete each of the specific tasks described above. Each of these failures by the respondent constitutes a separate incident of lack of diligence and promptness, and/or neglect, as do all of them together.

The respondent knew or should have known that his lack of diligence and promptness, and/or neglect continued to occur over a period of months and involved a pattern and practice of lack of

diligence and promptness, and/or neglect.

The respondent's lack of diligence and promptness, and/or neglect caused injury or potential injury to the client.

By such conduct, the respondent violated Colo. RPC 1.3.

WHEREFORE, the complainant prays at the conclusion hereof.

## I. *CLAIM III*

[A Lawyer Shall Keep A Client Reasonably Informed About the Status of a Matter, Promptly Comply With Reasonable Requests for Information, and Explain a Matter to the Extent Reasonably Necessary to Permit the Client to Make Informed Decisions Regarding the Representation—Colo. RPC 1.4(a) and (b)]

Paragraphs 1 through 16 are incorporated herein as if fully set forth.

Colo. RPC 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

This respondent failed to keep the client reasonably informed about the status of the legal matter and failed to comply promptly with reasonable requests for information in the following respects:

a. by failing to respond timely and adequately to Ms. Thomas–Criswell's letter of May 14, 2002;

b. by failing to advise his client that he had filed the governmental immunity notice;

c. by failing to inform his client at a reasonable time after the representation began that he needed to hire or associate with competent co-counsel in order to accomplish the goals of the representation;

d. and by failing to maintain minimum communications with the client throughout the course of the representation.

Each of these failures to communicate adequately with the client constitutes a separate violation of Colo. RPC 1.4(a) as do all of them together.

The respondent knew or should have known that he had failed to communicate adequately with his client over an extended period of months.

The respondent's pattern and practice of failing to communicate with the client caused injury or potential injury to the client.

By such conduct, the respondent violated Colo. RPC 1.4(a).

WHEREFORE, the complainant prays at the conclusion hereof.

## II.  *CLAIM IV*

**(Failure to Keep Client or Third Party Funds Separate From the Lawyer's Own Property and Conversion of Client or Third Party Funds—Colo. RPC 1.15(a) and Conversion Colo. RPC 8.4(c))**

Paragraphs 1 through 16 are incorporated herein as if fully set forth.

Colo. RPC 1.15(a) provides that an attorney is required to hold the property of clients or third persons that is in an attorney's possession separate from the attorney's own property.

The respondent was given an $800 cost deposit by his client and he never incurred any costs which would have required payment from those funds.

The respondent has been asked by the Office of Attorney Regulation Counsel to provide records showing what he did with Ms. Thomas–Criswell's funds.

The respondent has not supplied records showing that he held Ms. Thomas–Criswell's $800 cost advance separate from his own property.

The statement made by the respondent to Ms. Thomas–Criswell that was left as a message on or about May 30, 2002, implies that he did not have her money and had not taken appropriate steps to safeguard those funds.

Thus, the evidence indicates that the respondent used this $800 for himself or for others and did not use it in the only man-

ner he had been authorized to use it namely for Ms. Thomas–Criswell's costs.

Upon in formation and belief, the respondent failed to keep client or third party funds separate from his own property.

The respondent did not have the consent of the client or anyone else in a position of authority to use any of Ms. Thomas–Criswell's funds except for costs in her case.

Upon information and belief, the respondent exercised unauthorized dominion or ownership over these funds belonging to a client.

By exercising unauthorized dominion or ownership over client or third party funds, the respondent knowingly converted and/or misappropriated such funds prior to them being earned.

By such conduct, the respondent violated Colo. RPC 1.15(a) and Colo. RPC 8.4(c).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM V

**[Upon Termination, a Lawyer Shall Take Steps to Protect a Client's Interest and Surrender Papers and Property to the Client—Colo. RPC 1.16(d) ]**

Paragraphs 1 through 16 are incorporated herein as if fully set forth.

Colo. RPC 1.16(d) provides that upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee that had not been earned.

Respondent failed to timely return the client's files, and cost retainer despite demands and requests to do so.

The respondent failed to timely return to the client any portion of the $800 retainer, none of which had been spent for costs.

By such conduct, the respondent violated Colo. RPC 1.16(d).

WHEREFORE, the complainant prays at the conclusion hereof.

## General Allegations in Green Matter

Bennie Green hired the respondent on May 7, 2002. He gave the respondent a $1,500.00 retainer fee.

An attorney client relationship was formed between the respondent and Mr. Green, thereby forming an obligation on the part of the respondent to perform the agreed-upon services. By agreeing to perform the requested services, the respondent inherently represented that he would provide the services in accordance with the Colorado Rules of Professional Conduct.

Mr. Green hired the respondent to attempt to have recorded liens removed from Mr. Green's real property, i.e., his house.

According to respondent, one of the problems he encountered was that the banks that had the liens did not exist anymore, and he was going to have to find out what entities were successors in interest.

Mr. Green stated that the last contact that he had with the respondent was on May 7, 2002, although he left approximately fifteen messages on respondent's voice mail. Mr. Green also sent a fax to respondent in July 2002 asking for the status of the matters.

The respondent stated that when he took Mr. Green's case, he was concerned that he had too much going on. He stated that this case blossomed. The respondent was in trial much of the time after he was hired in this matter. The respondent was able to get one lien reduced in amount.

After this matter was processed for investigation in early January 2003, the respondent eventually returned all of the $1,500.00 to Mr. Green.

The respondent was asked by the Office of Attorney Regulation Counsel to provide records of what happened with Mr. Green's money but he stated that his records were too "messed" up to do so.

## CLAIM VI

[A Lawyer Shall Act With Reasonable Diligence and Promptness in Representing a Client and Shall Not Neglect a Legal Matter Entrusted to that Lawyer—Colo. RPC 1.3]

Paragraphs 52 through 59 are incorporated herein as if fully set forth.

Colo. RPC 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client, and that a lawyer shall not neglect a legal matter entrusted to that lawyer.

The respondent failed to act with reasonable diligence and promptness and neglected the client's legal matter by failing to take any action on the liens except for one. This failure by the respondent constitutes an incident of lack of diligence and promptness, and/or neglect.

The respondent knew or should have known that his lack of diligence and promptness, and/or neglect continued to occur over a period of months and involved a pattern and practice of lack of diligence and promptness, and/or neglect.

The respondent's lack of diligence and promptness, and/or neglect caused injury or potential injury to the client.

By such conduct, the respondent violated Colo. RPC 1.3.

WHEREFORE, the complainant prays at the conclusion hereof.

## III. *CLAIM VII*

[A Lawyer Shall Keep A Client Reasonably Informed About the Status of a Matter, Promptly Comply With Reasonable Requests for Information—Colo. RPC 1.4(a) ]

Paragraphs 52 through 59 are incorporated herein as if fully set forth.

Colo. RPC 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and prompt-

ly comply with reasonable requests for information.

This respondent failed to keep the client reasonably informed about the status of the legal matter and failed to comply promptly with reasonable requests for information in the following respects:

a. by failing to respond to telephone calls from Mr. Green;

b. and by failing to maintain minimum communications with Mr. Green throughout the course of the representation.

Each of these failures to communicate adequately with the client constitutes a separate violation of Colo. RPC 1.4(a) as do all of them together.

The respondent knew or should have known that he had failed to communicate adequately with his/her client over an extended period of months.

The respondent's pattern and practice of failing to communicate with the client caused injury or potential injury to the client.

By such conduct, the respondent violated Colo. RPC 1.4(a).

WHEREFORE, the complainant prays at the conclusion hereof.

### General Allegations in Mason Matter

Carlos Mason hired the respondent to represent him in two different cases.

Mr. Mason hired the respondent first in June 2001 to represent him in an attempt to reduce a criminal sentence. Mr. Mason had earlier been convicted in Denver District Court of aggravated robbery and was and is incarcerated in the Sterling Correctional Facility on a 20–year sentence. Judge Mullins sentenced him.

Mr. Mason had earlier filed Crim. Rule 35(b) and 35(c) motions in 1999. The judge denied both these motions.

The judge reconsidered the Crim. R. 35(b) motion and denied it again.

According to Mr. Mason, in July of 2001, the judge said that he did not mean to deny the reconsideration but he no longer had the ability to look at it.

It was at this point that Mr. Mason hired respondent to represent him in an effort to revive the Crim. P. 35(b) motion.

Mr. Mason's girlfriend, Cecelia Nunez, actually met with the respondent and signed a fee agreement dated June 4, 2001, on behalf of Mr. Mason for the respondent to represent Mr. Mason. She paid the respondent $2,500 for this representation.

An attorney client relationship was formed between the respondent and Mr. Mason, thereby forming an obligation on the part of the respondent to perform the agreed-upon services. By agreeing to perform the requested services, the respondent inherently represented that he would provide the services in accordance with the Colorado Rules of Professional Conduct.

The respondent filed a motion on August 14, 2001 and asked the judge to review Mr. Mason's sentence.

As of March 2002, the respondent had not heard anything from the Denver District Court. The respondent stated to Mr. Mason that Judge Mullins and Judge Rappaport switched courtrooms and Mr. Mason's file was lost.

Judge Mullins actually took the file with him to his new courtroom and then ruled on the motion on April 23, 2002.

A copy of the Order was mailed to the respondent, but it was returned because the respondent had moved offices. The court did not send it to respondent's new address, and there is no indication that the court knew of his new address.

In June of 2002 Mr. Mason asked respondent if more money would help his case. Respondent suggested it would, and asked for $5,000. He stated that with the extra money he would supply the court with a copy of the file and he or his assistant would sit down with the clerk to explain this situation. On June 26, 2002, Ms. Nu-

nez gave respondent an additional $2,500 and promised to give the other half in a couple of months.

When Ms. Nunez paid the respondent the additional money, the respondent promised her that he would send her an itemized bill and a receipt. He did not do so and later stated to her that his busy schedule had precluded him from doing so.

Between June and October 2002 Mr. Mason or Ms. Nunez spoke to respondent about six times. He stated that he still had not heard about a ruling on the motion.

Mr. Mason learned about the denial of his motion to review his sentence when he wrote a letter to the Clerk of the Denver District Court in October of 2002.

In the meantime, Mr. Mason was sued for paternity in Arapahoe County District Court in April 2002. The respondent agreed to handle this matter.

Ms. Nunez paid an additional $750.00 to the respondent for this second representation.

Mr. Mason spoke to respondent by telephone about this case. He asked respondent to appear in court and to explain to the court that Mr. Mason was not contesting paternity. Mr. Mason was hoping to work out a modified payment plan for support. The respondent implicitly agreed to do so.

On May 16, 2002, the Arapahoe DA's Office sent an administrative process order to Mr. Mason for genetic testing. He contacted respondent to learn why this order had issued. Respondent told Mr. Mason not to worry about it and he would take care of it. Respondent said he and the DA's Office were playing phone tag.

On August 12, 2002, a process order was entered by default establishing financial responsibility of Mr. Mason. The order states that Mr. Mason was properly served and that he had defaulted.

Mr. Mason called the respondent several times within a couple of weeks and talked to him about that order. Mr. Mason asked for his money back because respondent never did anything. Respondent said he would return his money. Mr. Mason agreed that respondent could keep $250, but that was the last Mr. Mason heard from the respondent.

During that same phone call, respondent told Mr. Mason that the Denver District Court motion had been denied but respondent did not know why. He said he would go to the court and find out, and told Mr. Mason to give respondent a call that Friday to learn what had happened. Mr. Mason said that he tried and was not able to reach the respondent ever again.

Further attempts by Mr. Mason and Ms. Nunez to communicate with respondent were not successful.

## IV. *CLAIM VIII*

[A Lawyer Shall Keep A Client Reasonably Informed About the Status of a Matter, Promptly Comply With Reasonable Requests for Information, and Explain a Matter to the Extent Reasonably Necessary to Permit the Client to Make Informed Decisions Regarding the Representation—Colo. RPC 1.4(a) ]

Paragraphs 72 through 95 are incorporated herein as if fully set forth.

Colo. RPC 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

This respondent failed to keep Mr. Mason reasonably informed about the status of both of the legal matters and failed to comply promptly with reasonable requests for information in the following respects:

a. by failing to respond timely and adequately to calls made by Mr. Mason and/or Ms. Nunez in the criminal case;

b. by failing to respond timely and adequately to calls made by Mr. Mason and/or Ms. Nunez in the paternity action after respondent's last communication with Mr. Mason in about August of 2002;

c. and by failing to maintain minimum communications with the client throughout the course of the representation in both matters.

Each of these failures to communicate adequately with the client constitutes a separate violation of Colo. RPC 1.4(a) as do all of them together.

The respondent knew or should have known that he had failed to communicate adequately with his client over an extended period of months.

The respondent's pattern and practice of failing to communicate with the client caused injury or potential injury to the client.

By such conduct, the respondent violated Colo. RPC 1.4(a).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM IX

**[A Lawyer Shall Provide Competent Representation To A Client— Colo. RPC 1.1]**

Paragraphs 72 through 95 are incorporated herein as if fully set forth.

Colo. RPC 1.1 provides that a lawyer shall provide competent representation to a client, and that competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

The respondent failed to provide his client competent legal representation:

d. by failing to give the Denver District Court his correct address for orders in the criminal case;

e. by failing to check the court's file to determine what action was being taken in the criminal case; and,

f. by failing to take any action in the paternity case.

Each of these failures by the respondent constitutes a separate incident of failure to provide competent legal representation, as do all of them together.

The respondent knew or should have known that he was failing to provide competent legal representation to the client, but made no effort to remedy the situation.

The respondent's failure to provide competent legal representation to the client caused serious or potentially serious injury or potential injury to the client.

By such conduct, the respondent violated Colo. RPC 1.1.

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM X

**[A Lawyer Shall Act With Reasonable Diligence and Promptness in Representing a Client and Shall Not Neglect a Legal Matter Entrusted to that Lawyer—Colo. RPC 1.3]**

Paragraphs 72 through 95 are incorporated herein as if fully set forth.

Colo. RPC 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client, and that a lawyer shall not neglect a legal matter entrusted to that lawyer.

The respondent failed to act with reasonable diligence and promptness and neglected the client's legal matter in each of the following respects:

e. by failing to take any action for his client in the paternity case;

f. by failing to take steps toward locating or reconstructing the court file in the criminal case if he truly thought the file were missing;

g. by failing to monitor the client's criminal case to determine if an order had issued in the criminal case;

The respondent was required to complete each of the specific tasks described above. Each of these failures by the respondent constitutes a separate incident of lack of diligence and promptness, and/or neglect, as do all of them together.

The respondent knew or should have known that his lack of diligence and promptness, and/or neglect continued to occur over a period of months and involved a pattern and practice of lack of diligence and promptness, and/or neglect.

The respondent's lack of diligence and promptness, and/or neglect caused injury or potential injury to the client.

By such conduct, the respondent violated Colo. RPC 1.3.

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM XI

[A Lawyer Shall Not Engage In Conduct Involving Dishonesty, Fraud, Deceit Or Misrepresentation (Knowing Conversion)—Colo. RPC 8.4(c) ]

Paragraphs 72 through 95 are incorporated herein.

Colo. RPC 8.4(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

The respondent agreed to provide additional services in the criminal case for an additional $5,000 of which he was actually paid $2,500.

The respondent did not provide any additional services.

By failing to provide any additional services in the criminal matter, the respondent did not earn the fees ($2,500) he had been paid and did not complete the services for which he had been hired.

By failing to return the $2,500 that Ms. Nunez had paid to the respondent for Mr. Mason when the respondent had not earned such fees the respondent exercised dominion or ownership over such funds held for Mr. Mason's benefit.

The respondent knew that he was keeping the $2,500 of funds he had not earned, knowing that such funds should be returned to his client because he had not earned them and knowing that keeping such funds was not authorized.

The respondent did not have permission from the client to use her funds for his personal purposes.

Through the unauthorized exercise of dominion or ownership these funds, the respondent knowingly converted or misappropriated such client funds.

Through his conversion or misappropriation of client funds, the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation.

The foregoing conduct of the respondent establishes grounds for discipline as provided for in C.R.C.P. 251.5 and violates Colo. RPC 8.4(c).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM XII

[A Lawyer Shall Not Engage In Conduct Involving Dishonesty, Fraud, Deceit Or Misrepresentation (Knowing Conversion)—Colo. RPC 8.4(c) ]

Paragraphs 72 through 95 are incorporated herein.

Colo. RPC 8.4(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

The respondent agreed to provide services in the paternity case for $750 for which he was paid.

The respondent did not provide any services to his client or for his client's benefit in the paternity case.

By failing to provide any services in the paternity case the respondent did not earn the fees ($750) he had been paid and did not complete the services for which he had been hired.

By failing to return the $750 that Ms. Nunez had paid to the respondent for Mr. Mason when the respondent had not earned such fees the respondent exercised dominion or ownership over such funds held for Mr. Mason's benefit.

The respondent knew that he was keeping the $750 of funds he had not earned, knowing that such funds should be returned to his client because he had not

earned them and knowing that keeping such funds was not authorized.

The respondent did not have permission from the client to use her funds for his personal purposes.

Through the unauthorized exercise of dominion or ownership these funds, the respondent knowingly converted or misappropriated such client funds.

Through his conversion or misappropriation of client funds, the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation.

The foregoing conduct of the respondent violates Colo. RPC 8.4(c).

WHEREFORE, the complainant prays at the conclusion hereof.

### General Allegations in Roundtree Matter

In 2001, complainant Roundtree hired the respondent to represent his company, Artistic Plumbing ("Artistic") against Capitol Indemnity Corp. ("Capitol"), a bonding company. Artistic had done work at the Montview Juvenile Correctional Facility and allegedly was not paid by the general contractor. The general contractor went out of business, and the bonding company hired another plumbing contractor.

In September 2001, Capitol sued Artistic alleging that Artistic had been overpaid for the work it had done. Capitol alleged that Artistic had been paid about $185,000 on a $187,000 contract, yet only about half of the work was done by Artistic.

Respondent filed an answer and a counter claim on October 16, 2001, on behalf of Artistic.

On December 4, 2001, the case was set for trial to occur on August 19, 2002.

On about August 15, 2002, respondent filed a motion for continuance stating in part that he was a sole practitioner who had been in several jury trials within the recent weeks.

In effect, respondent stated that he was not ready to go to trial.

At a hearing, Judge Frank Martinez denied the respondent's continuance on those grounds, but did continue the case because the parties had not engaged in alternative dispute resolution.

On the same date that respondent filed a motion for continuance, he filed a motion to withdraw citing a conflict of interest with his client.

However, respondent agreed to stay on the case at that hearing, and the judge did not rule on the respondent's motion to withdraw at that time.

The mediation occurred and no resolution was reached. The case was set for trial to occur April 14, 2003.

On April 9, 2003, respondent filed another motion to continue. He raised the fact that he had a conflict of interest and that his previous motion to withdraw had not been ruled upon.

Judge Shelly Gillman had rotated into the courtroom where the case was assigned, and she ordered that Judge Joseph Meyer conduct a hearing with respondent and complainant Roundtree to determine if there was a conflict of interest. Judge Meyer ruled that there was a conflict, and respondent was allowed to withdraw. The case was reset for trial to occur on June 30, 2003.

On April 19, 2003, the court awarded attorney fees against complainant Roundtree and respondent in an amount to be determined after trial. Part of the request for attorney's fees is based on expenses of plaintiff's witness to come to Colorado for that trial. As of the date of the filing of this complaint, it is not known if an amount of fees has been awarded.

Complainant Roundtree has new counsel, William Richardson, who has asked for a hearing on the attorney fee issue.

The respondent has never filed a response to the request for investigation in this matter.

## CLAIM XIII

**[A Lawyer Shall Act With Reasonable Diligence and Promptness in Representing a Client and Shall Not Neglect a Legal Matter Entrusted to that Lawyer—Colo. RPC 1.3]**

Paragraphs 136 through 150 are incorporated herein as if fully set forth.

Colo. RPC 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client, and that a lawyer shall not neglect a legal matter entrusted to that lawyer.

The respondent failed to act with reasonable diligence and promptness and neglected the client's legal matter by

a. failing to prepare for the trial in his client's case which was scheduled to begin on August 15, 2002; and,

b. failing to file or renew his motion to withdraw after mediation had failed, but instead waiting until a few days before trial in April 2003 to do so.

The respondent knew or should have known that his lack of diligence and promptness, and/or neglect continued to occur over a period of months and involved a pattern and practice of lack of diligence and promptness, and/or neglect.

The respondent's lack of diligence and promptness, and/or neglect caused injury or potential injury to the client.

By such conduct, the respondent violated Colo. RPC 1.3.

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM XIV

**[Upon Termination, a Lawyer Shall Take Steps to Protect a Client's Interest and Surrender Papers and Property to the Client—Colo. RPC 1.16(d) ]**

Paragraphs 136 through 150 are incorporated herein as if fully set forth.

Colo. RPC 1.16(d) provides that upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee that had not been earned.

The respondent first filed his motion to withdraw in the case on August 15, 2002, four days before trial.

The respondent failed to give his client reasonable notice of his withdrawal which would allow his client adequate time for employment of other counsel.

By such conduct, the respondent violated Colo. RPC 1.16(d).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM XV

**[An Attorney Shall Respond to a Request By the Regulation Counsel for Information Necessary to Carry Out the Performance of Regulation Counsel's Duty—C.R.C.P. 251.5(d); A Lawyer Shall Not Knowingly Disobey an Obligation Under the Rules of a Tribunal—Colo. RPC 3.4(c); A Lawyer Shall Not Knowingly Fail to Respond Reasonably to a Lawful Demand for Information From a Disciplinary Authority—Colo. RPC 8.1(b) ]**

Paragraphs 136 through 150 are incorporated herein.

C.R.C.P. 251.5(d) requires that an attorney respond to a request by the Attorney Regulation Counsel for information to carry out the performance of its duties.

The respondent failed to respond to repeated attempts by the Office of Attorney Regulation Counsel for information from the respondent.

The respondent knew or should have known that he was failing to cooperate and respond to the request by Attorney Regulation Counsel.

By such conduct, the respondent violated C.R.C.P. 251.5(d).

Colo. RPC 3.4(c) provides that a lawyer shall not knowingly disobey an obligation under the rules of a tribunal.

As an attorney licensed to practice law in the state of Colorado, the respondent knew or is presumed to know of the obligation to respond to a request by the Attorney Regulation Counsel as set forth in C.R.C.P. 251.5(d).

Nevertheless the respondent knowingly disobeyed such obligation, and made no open refusal to obey that was based on an assertion that no valid obligation existed.

By such conduct, the respondent violated Colo. RPC 3.4(c).

Colo. RPC 8.1(b) provides that a lawyer in connection with a disciplinary matter shall not knowingly fail to respond reasonably to a lawful demand for information from a disciplinary authority.

The respondent knowingly violated the rule by failing to respond to the lawful demands for information made by Attorney Regulation Counsel during the investigation of the subject matter of this disciplinary proceeding.

The information sought did not require disclosure of information otherwise protected by Colo. RPC 1.6.

The respondent made no good faith challenge to the demand by Attorney Regulation Counsel for such information.

By such conduct, the respondent violated Colo. RPC 8.1(b).

WHEREFORE, the complainant prays at the conclusion hereof.

### General Allegations in Barrington Matter

Scott Barrington hired respondent on about October 16, 2002, for representation in a DUI case. The first court date was November 21, 2002.

Mr. Barrington gave respondent a $500 check and signed a fee agreement on October 16, 2002.

An attorney client relationship was formed between the respondent and Mr. Barrington, thereby forming an obligation on the part of the respondent to perform the agreed-upon services. By agreeing to perform the requested services, the respondent inherently represented that he would provide the services in accordance with the Colorado Rules of Professional Conduct.

Respondent told Mr. Barrington that he would change the court date for the first appearance.

Respondent stated to Mr. Barrington that the purpose of that date change was to give the DA enough time to review the case so that Mr. Barrington would not have to appear in court an excessive number of times.

Mr. Barrington spoke to respondent only one other time after the first meeting. That other conversation was in November 2002, and respondent stated at that time that he was taking care of all that he had mentioned to Mr. Barrington. Respondent confirmed that Mr. Barrington did not have to appear on November 21.

Mr. Barrington did not appear on November 21 because of what respondent told him about changing the date.

Mr. Barrington continually tried to contact respondent with no success. Finally, Mr. Barrington decided to go to court to learn the status of his case. He learned that a bench warrant had issued for his arrest. He then advised the DA of the problems that he was having with respondent. He was offered a plea to DWAI which he took. He received a fine of $595 and community service of 24 hours.

Since that time, Mr. Barrington has sent certified mail to respondent about this case asking for his money back. Complainant has not received any response.

Respondent did not file any response to the request for investigation in this matter although the Office of Attorney Regulation Counsel sent it to him properly according to C.R.C.P. 251.1, *et seq.*

## CLAIM XVI

**[A Lawyer Shall Not Engage In Conduct Involving Dishonesty, Fraud, Deceit Or Misrepresentation (Knowing Conversion)—Colo. RPC 8.4(c) ]**

Paragraphs 176 through 185 are incorporated herein.

Colo. RPC 8.4(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

The respondent agreed to provide services in Mr. Barrington's case for $500 for which he was paid.

The respondent did not provide any services to his client or for his client's benefit in his case.

By failing to provide any services in his client's case the respondent did not earn the fees ($500) he had been paid and did not complete the services for which he had been hired.

By failing to return the $500 that Mr. Barrington had paid to the respondent when the respondent had not earned such fees the respondent exercised dominion or ownership over such funds held for Mr. Barrington's benefit.

The respondent knew that he was keeping the $500 of funds he had not earned, knowing that such funds should be returned to his client because he had not earned them and knowing that keeping such funds was not authorized.

The respondent did not have permission from the client to use his funds for his personal purposes.

Through the unauthorized exercise of dominion or ownership these funds, the respondent knowingly converted or misappropriated such client funds.

Through his conversion or misappropriation of client funds, the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation.

The foregoing conduct of the respondent establishes grounds for discipline as provided for in C.R.C.P. 251.5 and violates Colo. RPC 8.4(c).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM XVII

**[A Lawyer Shall Provide Competent Representation To A Client— Colo. RPC 1.1]**

Paragraphs 176 through 185 are incorporated herein as if fully set forth.

Colo. RPC 1.1 provides that a lawyer shall provide competent representation to a client, and that competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

The respondent failed to provide his client competent legal representation by failing to do anything in Mr. Barrington's case such as but not limited to making an entry of appearance, obtaining discovery from the District Attorney, negotiating with the District Attorney and advising and counseling his client as to entering a plea or going to trial.

The respondent knew or should have known that he was failing to provide competent legal representation to the client, but made no effort to remedy the situation.

The respondent's failure to provide competent legal representation to the client caused serious or potentially serious injury or potential injury to the client.

By such conduct, the respondent violated Colo. RPC 1.1.

## CLAIM XVIII

**[A Lawyer Shall Act With Reasonable Diligence and Promptness in Representing a Client and Shall Not Neglect a Legal Matter Entrusted to that Lawyer—Colo. RPC 1.3]**

Paragraphs 176 through 185 are incorporated herein as if fully set forth.

Colo. RPC 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client, and that a lawyer shall not neglect a legal matter entrusted to that lawyer.

The respondent failed to act with reasonable diligence and promptness and neglected the client's legal matter by failing to take any action in Mr. Barrington's matter.

The respondent knew or should have known that his lack of diligence and promptness, and/or neglect continued to occur over a period of months and involved a pattern and practice of lack of diligence and promptness, and/or neglect.

The respondent's lack of diligence and promptness, and/or neglect caused injury or potential injury to the client.

By such conduct, the respondent violated Colo. RPC 1.3.

**WHEREFORE, the people pray that the respondent be found to have engaged in misconduct under C.R.C.P. 251.5 and the** Colorado Rules of Professional Conduct as specified above; the respondent be appropriately disciplined for such misconduct; the respondent be required to refund unearned or unreasonable fees to his clients and/or the client protection fund pursuant to C.R.C.P. 252.14(b), and/or provide restitution to third parties; the respondent be required to take any other remedial action appropriate under the circumstances; and the respondent be assessed the costs of this proceeding.